**Leo SAIN, Jr., Plaintiff-Appellee,**

v.

**ARA MANUFACTURING CO., Defendant-Appellant.**

Court of Appeals of Tennessee, Eastern Section.

July 26, 1983.

Application for Permission to Appeal Denied by Supreme Court Oct. 3, 1983.

John D. McMahan, N. Mark Kinsman, Chattanooga, for defendant-appellant.

Michael R. Campbell, Chattanooga, for plaintiff-appellee.

## OPINION

GODDARD, Judge.

■ The principal issue in this appeal is whether the Trial Court erred in holding that as a matter of law ARA Manufacturing Company would be liable if the jury found Auto Air of Macon negligent in repairing an air conditioner in the Plaintiff's van which resulted in a fire and extensive damage to the vehicle.

The Plaintiff purchased a new stripped-down Dodge van in May 1980. An air conditioner manufactured by the Defendant was installed shortly thereafter. The Plaintiff experienced difficulty with the performance of the air conditioner from the beginning and attempted to have it repaired on several occasions. On August 7 he and his family left Chattanooga in the van to go to Florida for a vacation. The air conditioner began to malfunction, and he stopped between Macon and Atlanta and called a representative of the Defendant using a toll-free number which was listed in a pamphlet furnished him when he purchased the air conditioning unit. He was advised by the Defendant's representative that Auto Air had been formerly a distributor of the Defendant and that he should take the unit there for repair.

When the Plaintiff arrived at the repair shop in Macon Mr. Hines, the manager, told him that he had not heard from the Defendant and that he would not undertake the repair work unless the Plaintiff agreed to pay for the repairs or the Defendant authorized them.

Upon learning that the Defendant had not called Auto Air the Plaintiff became upset, again placed a call to the Defendant and was reassured by a representative who told him that there was "no problem, we'll take care of you, we'll authorize Auto Air of Macon to repair your unit." Thereafter, Mr. Hines took the phone and received the authority. He then proceeded to attempt to repair the air conditioner.

The Plaintiff, upon completion of the repairs, returned to the Interstate and had traveled approximately two miles when the fire which originated at the air conditioner control panel broke out.

Under the general rule, as shown by the text and annotations under Agency, Section 261, 3 Am.Jur.2d, 626, tort liability of a principal for the act of his agent is not based upon the agency relationship, but rather upon an employer-employee relationship under the doctrine of *respondeat superior:*

The general rule of liability is usually predicated, in cases involving the principal's contractual or nontort liability, on the theory of the legal identity of the principal and agent as expressed in the maxim "qui facit per alium facit per se," that is, so far as the authorized acts and transactions of his agent are concerned, these are in legal contemplation the principal's own acts and transactions accomplished through the mere instrumentality of another person. The tort liability of a principal for the act of his agent is based, not on the agency relationship, but on the relation of employer and employee, and is expressed by the maxim "respondeat superior." In other words, so far as tort liability is concerned, the liability of the principal for the act of his agent is the same as the liability of a master for the act of his servant. Both of these maxims are founded upon the principle that a duty rests upon every man, in the management of his own affairs, whether by himself or by his agents or servants, so to conduct them as not to injure another, and that if he does not do so, and another is thereby injured, he shall answer for the damage. This principle does not work any injustice to the principal, for it is based upon the policy of protection of the third person and results from the consideration that it is the principal who makes it possible for the agent to inflict the injury. Moreover, the rule of liability is based on the further reason that the principal holds out his agent as competent and fit to be trusted, and thereby in effect warrants his fidelity and good conduct in all matters within the scope of his agency.

In *Doane Agricultural Service v. Coleman,* 254 F.2d 40, 43 (1958), the Sixth Circuit addresses the Tennessee rule as follows:

The Tennessee cases have defined "agency" in its broadest sense to include "every relation in which one person acts for or represents another." *Howard v. Haven,* 198 Tenn. 572, 281 S.W.2d 480, 485; *Gulf Refining Company v. Huffman & Weakley,* 155 Tenn. 580, 297 S.W. 199. The cases largely determine that an employee status is determined by whether the alleged employer has the right of control over the method as distinguished from the results and look to such things as the right to hire and fire, to direct the manner and method of the work, as to who paid the wages, whether the pay was based upon time or by the job, whether the work was ordinary labor, or skilled labor, and who provided the tools for the work. *Rose & Co. v. Snyder,* 185 Tenn. 499, 514, 206 S.W.2d 897; *Mayberry v. Bon Air Chemical Company,* 160 Tenn. 459, 26 S.W.2d 148. See *Conasauga River Lumber Company v. Wade,* 6 Cir., 221 F.2d 312.

The doctrine of respondeat superior seems to have had two bases in Tennessee law. The first is that a principal is responsible for the tortious acts of his agent if he has a right to control the agent. *National Life & Accident Insurance Company v. Morrison,* 179 Tenn. 29, 162 S.W.2d 501; *Gulf Refining Company v. Huffman & Weakley,* supra. The second is that the principal does for himself what he does through another. *Howard v. Haven,* supra; *Electric Light & Power Company v. Bristol Gas & Electric Light Company,* 99 Tenn. 371, 42 S.W. 19. It was said in the *Gulf Refining* case, supra [155 Tenn. 580, 297 S.W. 201], "in every case the decisive question is, had the defendant the right to control, in the given particular, the conduct of the person doing the wrong"?

A later case, authored by Judge Franks of this Court, *Nidiffer v. Clinchfield Railroad Company,* 600 S.W.2d 242, 245 (1980), states the matter thusly:

[T]he principal test of agency is whether the principal has a right to control the conduct of the agent with respect to matters entrusted to the agent. It is said this right of control is the primary or the essential test of an agency relationship without which no agency exists. 2A C.J.S. *Agency* § 6, at 560 through 561. *Accord:* 3 Am.Jur.2d, *Agency,* § 2. The same standard applies when the agency

relationship is implied: the right of the principal to control the agent's conduct or the actual exercise of such conduct is the essential test. 2 C.J.S. *Agency* § 52, at 626.

While it is true that all of the criteria mentioned in *Doane Agricultural Service* have not been shown, we are nonetheless persuaded under the undisputed facts in the present record, that as a matter of law the Defendant had sufficient control over Auto Air—not of course as to the manner in which repairs were being conducted, but the right to employ or discharge it from this undertaking—to be liable for Auto Air's negligent acts.

Moreover, Section 267 of Restatement of Agency, 2d., which we believe would be appropriate to adopt in the factual context of the case at bar, provides the following:

> One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.

By the second issue on appeal, the Defendant contends the Trial Court erred in failing to instruct the jury regarding the Defendant's right to limit the Plaintiff's remedy for an alleged breach of warranty pursuant to T.C.A. 47–2–719. The fallacy of this argument is that the suit is not in contract for breach of warranty but in tort for negligence. It is true the warranty was introduced in evidence, but this was not as a predicate for liability but to shed light upon the relationship of the Defendant with Auto Air and to show that the Defendant had a contractual obligation to repair the air conditioner unit.

For the foregoing reasons the issues on appeal are found adversely to the Defendant and the Trial Court affirmed. The cause is remanded for collection of the judgment and costs below. The costs of appeal are adjudged against the Defendant and its surety.

PARROTT, P.J., and FRANKS, J., concur.