G.W. TAYLOR, Plaintiff–Appellee,

v.

TRANS AERO CORPORATION and Flight Management, Inc. Defendants–Appellants.

Court of Appeals of Tennessee, Western Section, at Jackson.

Dec. 14, 1995.

Application for Permission to Appeal Denied by Supreme Court April 29, 1996.

Henry C. Shelton, III, Memphis for Plaintiff–Appellee.

William A. Cohn, Memphis and Charles E. Kovsky, Southfield, Michigan, for Defendants–Appellants.

CRAWFORD, Presiding Judge.

Defendants, Trans Aero Corporation (TAC), and Flight Management, Inc., (FMI), appeal from the judgment of the chancery court awarding breach of contract damages to plaintiff, G.W. Taylor (Taylor). Prior to May, 1986, Taylor was the sole stockholder and chief executive officer of TAC, primarily a business providing air charter services to the public. On January 1, 1986, TAC, through Taylor as president, entered into a written lease agreement in which it leased from General Electric Credit Corporation (GECC) a jet airplane. On April 17, 1986, TAC, pursuant to the lease agreement, gave notice of the termination of the lease. On April 25, 1986, Taylor purchased the plane from GECC for the sum of $110,000; the plane was purchased for Taylor's personal use. On May 12, 1986, pursuant to the terms of a stock purchase agreement, Taylor sold all the outstanding stock which he owned in

TAC to FMI. FMI thus became the sole stockholder of TAC.

In early 1987, TAC, with Taylor's permission, began using the aircraft in its business. The parties entered into some type of agreement regarding TAC's use of the aircraft, but the terms of that agreement are in sharp dispute. On July 16, 1987, while TAC was operating the plane, the plane crashed and was damaged to the extent that it was not economically feasible to repair. The plane was insured by TAC for $130,000.00 with a $25,000.00 deductible, and Taylor was a named insured in the policy. Taylor was paid $105,000.00 in insurance proceeds and $5,000.00 in salvage value for a total recovery of $110,000.00.

On December 31, 1991, Taylor filed this suit alleging that the terms of the original lease agreement between GECC and TAC were adopted, with certain modifications, as a lease agreement between Taylor and TAC. The complaint avers that defendants breached a lease provision requiring the defendants to return the aircraft in its original condition, breached a lease provision requiring the defendants to pay maintenance costs of the plane, and breached an oral modification of a lease provision requiring the defendants to maintain $150,000 of insurance coverage on the plane. The plaintiff seeks recovery for property damage to the plane, damages for breach of contract to insure the aircraft for $150,000, and damages due to loss of business opportunity. The plaintiff also seeks $35,000.00 for breach of a separate stock purchase agreement, unrelated to the aircraft lease. The complaint alleges that TAC failed to make certain tax payments on behalf of Taylor, thereby breaching TAC's contractual obligations under the stock purchase agreement.

At the conclusion of all the proof, the trial court, sitting without a jury, found that Taylor had failed to sustain his burden of proving that he and TAC had adopted the original aircraft lease between GECC and TAC. However, the court did find that there was an oral lease between TAC and Taylor which required TAC to maintain $150,000.00 of insurance on the aircraft. TAC had only maintained $130,000 of insurance on the plane, and the court found this to be a breach of the oral lease agreement and awarded plaintiff $20,000 in damages. The trial court also found that defendant TAC was obligated to reimburse plaintiff $4,227.00 for scheduled aircraft inspection and maintenance provided for in the original lease between GECC and TAC. In addition, the court awarded the plaintiff $1400 in attorney fees incurred as a result of plaintiff's failure to pay the inspection fee.[1] The court further held that Taylor's claim for damage to the aircraft was barred by the three year statute of limitations for property damage, T.C.A. § 28–3–105 (Supp.1995).

In connection with the stock purchase agreement, the court found that the agreement contractually obligated TAC to pay a wage bonus to Taylor in 1986. The court further found that TAC's payment of the bonus in 1989, rather than 1986, caused Taylor to incur an additional $21,000 in federal income tax, and $7000 in Missouri state income tax in fiscal year 1989. The total judgment entered for plaintiff was $52,227.45.

■ TAC and FMI have appealed and present four issues for review. Taylor presents one issue for review. Defendants' first two issues will be considered together and, as stated in their brief, are:

1. Whether the trial court erred in finding an oral lease agreement between Taylor and Trans Aero?

2. Whether the trial court erred in granting judgment to plaintiff for the differential between the $150,000 of hull loss coverage plaintiff contends should have been in force and the trial court found as a requirement of the oral lease at the time of the destruction of the aircraft, and the $130,000 actually in force at the time?

Taylor testified that he and Mike Kovsky, an agent of TAC, agreed that TAC would lease the aircraft from Taylor under the same terms and conditions, with certain mod-

1. Defendants do not contest the trial court's award of damages for aircraft inspection and maintenance and attorney fees.

ifications, set out in the previously cancelled GECC/TAC lease. Taylor further testified that prior to cancellation of the GECC/TAC lease, a $200,000.00 hull insurance requirement had been orally modified by the parties (GECC and TAC) and reduced to $150,000.00 with a $25,000.00 deductible. Taylor states that it was understood between he and Kovsky that $150,000.00 of insurance was to be provided by TAC as a condition to TAC's use of the aircraft pursuant to the agreement between TAC and Taylor. Kovsky, on the other hand, testified that TAC only agreed to pay $225.00 per hour for the use of the aircraft, and that there was no lease agreement whatsoever between the parties. Kovsky states that he never agreed that TAC would keep the aircraft insured for $150,000 or any other amount. He maintains that TAC did not insure the aircraft for $130,000 because of any agreement between the parties, but rather because TAC wished to be protected in the event the aircraft was damaged while in TAC's possession. Both Taylor and Kovsky testified that their "arrangement" had few definite terms, and that either party was free to discontinue TAC's use of the aircraft at any time.

The chancellor found that the parties did not agree on an oral lease incorporating the terms of the previously cancelled GECC/TAC lease, but because TAC paid the costs of maintaining, storing, and insuring the aircraft, there appeared to be a more extensive agreement between the parties than a simple hourly rental agreement. The chancellor found that the parties had entered into a form of an oral lease in which TAC agreed to pay $225.00 an hour to fly the plane, to pay the costs of maintaining and storing the plane, and to maintain insurance in the amount of $150,000.00 with a $25,000.00 deductible.

■ Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. T.R.A.P. 13(d).

■ The chancellor was faced with conflicting testimony from Taylor on the one hand and Kovsky on the other. As the trier of fact, the chancellor had the opportunity to observe the manner and demeanor of the witnesses as they testified. The weight, faith, and credit to be given to a witness's testimony lies in the first instance with the chancellor as the trier of fact, and the credibility accorded will be given great weight by the appellate court. *Mays v. Brighton Bank,* 832 S.W.2d 347, 352 (Tenn.App.1992); *Sisk v. Valley Forge Ins. Co.,* 640 S.W.2d 844, 849 (Tenn.App.1982).

From our review of the record, we cannot say that the evidence preponderates against the chancellor's findings that there was an agreement to insure the aircraft for $150,-000.00, and that defendants breached the agreement causing Taylor damages in the amount of $20,000.00.

■ In connection with the first two issues, TAC and FMI also apparently argue that the trial court's finding that an oral lease existed was beyond the scope of the pleadings, because the complaint sought recovery under the original lease agreement between GECC and TAC. We must respectfully disagree. Giving the pleadings a liberal construction, and considering the opening statement made by Taylor's lawyer, the theory advanced by Taylor was that there was an oral lease which adopted the terms and conditions, with some modifications, of the cancelled GECC lease. In any event, even if the pleadings themselves are construed not to encompass the issue of the existence of an oral lease, the issue will still be considered as raised in the pleadings, because the issue was tried by the court with the implied consent of the parties. Tenn.R.Civ.P. 15.02.

■ TAC and FMI also assert that Taylor's suit is barred by the three-year statute of limitations for property damages, T.C.A. § 28–3–105 (Supp.1995). Defendants assert that the gravamen of the complaint is to recover property damage to the aircraft and that the three-year statute of limitations for property damage should apply rather than the six-year statute of limitations for breach of contract provided in T.C.A. § 28–3–109 (Supp.1995).

■ We agree with the defendants that the gravamen of the action rather than its designation as an action in tort or contract determines the applicable statute of limitations. *Pera v. Kroger Co.,* 674 S.W.2d 715, 719 (Tenn.1984). The applicable statute of limitations is determined by the subject matter of the controversy rather than the remedial procedure employed. *Williams v. Thompson,* 223 Tenn. 170, 172, 443 S.W.2d 447, 449 (1969). In the instant case, Taylor seeks recovery for property damage to the aircraft. The gravamen of this claim is obviously property damage and thus, this claim is barred by T.C.A. § 28–3–105. In addition, Taylor is seeking a recovery of damages based on the defendants' breach of the contractual promise to insure the aircraft for $150,000.00. The gravamen of this claim is breach of contract, and thus, the claim was timely filed under T.C.A. § 28–3–109.

■ The third and fourth issues presented for review will be considered together and, as stated in the appellants' brief, are:

> 3. Whether the trial court erred in admitting the self serving testimony of the plaintiff, over objection, in support of his right to recover for a tax loss that he allegedly sustained, when the nature of the testimony clearly required a qualified expert in the area of taxation and/or accounting?
>
> 4. Whether the trial court erred in awarding judgment in favor of plaintiff and against defendants for $28,000 for the alleged additional tax liability and loss?

At the time Taylor sold his stock in TAC, he owed TAC $82,000.00, which was carried on TAC's books as "notes receivable—officers." As part of the stock purchase agreement, TAC agreed to forgive this indebtedness by awarding Taylor a bonus payment equal to the amount of the indebtedness, plus the amount of the tax liability which Taylor would incur as a result of the transaction. The agreement provided:

> Tax liability shall be withheld by Trans Aero and paid directly to the appropriate taxing authorities by Trans Aero. This transfer of account shall take place at a time during the fiscal year 1986 when Trans Aero and/or Management shall deem appropriate, such decision being within their sole discretion.

Due to financial difficulties, defendants paid the wage bonus in 1989 rather than in 1986 as required by the agreement. Taylor testified that his federal tax liability in 1986, excluding the $82,000.00 bonus payment, was $9,128.00. He further testified that if the bonus had been included in his 1986 income and the withholding tax had been paid as required by the agreement, he would have received a tax refund in the amount of $7,000.00. He states that he incurred a loss of $21,000.00 by virtue of TAC's failure to pay the bonus in 1986 as required by the agreement. Taylor further testified that in 1989, when the payment was actually made, he had moved to Missouri, and that the $82,000.00 payment caused him to incur an additional $7,000.00 in state income tax liability.

Defendants objected to Taylor's testimony regarding his tax liability and argued that this could be proven only by an expert witness. The chancellor overruled the objection, considered the evidence, and found that Taylor had incurred an additional tax liability of $28,000.00 due to the defendants' breach of the bonus and tax payment provisions of the agreement.

Tenn.R.Evid. 702 provides:

> **Rule 702. Testimony by experts.**—If scientific, technical, or other specialized knowledge will substantially assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise.

Defendants have cited no Tennessee cases to support the argument that an expert witness was required to prove Taylor's tax liability. While we recognize that calculating income tax under our present tax laws and IRS regulations can be a rather "hair-raising" experience, we also recognize that the law places the burden upon the taxpayer to prepare a return stating his tax liability and to pay the same. In this case, Taylor, the taxpayer, testified concerning his tax liability. Defendants had the opportunity to obtain his books, records, and tax returns and

to obtain any type of witness they desired to counter plaintiff's testimony. This they failed to do. Moreover, it is uncontroverted that had the defendants paid the tax in 1986, as required by the agreement, there would have been no Missouri income tax.

The chancellor did not err in allowing plaintiff to testify concerning his tax liability, and considering the testimony and the record in this case, the evidence does not preponderate against the chancellor's finding that the defendants' breach of the stock purchase agreement caused plaintiff to incur $28,000.00 in state and federal income taxes.

The last issue for review is that presented by the appellee and, as stated in his brief, is:

1. Whether the chancellor erred in finding that Taylor did not carry the burden of proving the reaffirmation by Trans Aero of its promise to pay Taylor for the loss of his aircraft?

The trial court found that the property damage claim in plaintiff's complaint was barred by the three-year statute of limitations. Plaintiff does not disagree that the statute of limitations for property damage is three years, but contends that the statute did not begin to run until TAC's last promise to pay for the damage to the plane. Plaintiff testified that such promise was made within three years of December 31, 1991, when this action was filed. At trial, there was a sharp dispute in the testimony of Taylor and Kovsky concerning an agreement to pay for damage to the plane. The trial court observed the manner and demeanor of the witnesses and determined that there was no promise to pay that would toll the statute of limitations. The evidence does not preponderate against the chancellor's finding that the statute of limitations bars plaintiff's claim for property damage.

The judgment of the trial court is affirmed, and the case is remanded to the trial court for such further proceedings as may be necessary. Costs of appeal are assessed against appellants.

HIGHERS and FARMER, JJ., concur.