**IN THE COURT OF APPEALS OF TENNESSEE**
**AT KNOXVILLE**

**FILED**

**March 31, 2000**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| **WILLIAM A. HARVEY**, | ) | LOUDON CIRCUIT |
| | ) | |
| Plaintiff/Appellee, | ) | Appeal No. |
| | ) | E1999-00601-COA-R3-CV |
| v. | ) | |
| | ) | HON. RUSSELL SIMMONS, JR., |
| **LENOIR CITY UTILITIES BOARD**, | ) | JUDGE |
| | ) | |
| Defendant/Appellant | ) | **AFFIRMED** |

Billy J. Stokes, Knoxville, Tennessee, Attorney for Defendant/Appellant.
Larry C. Vaughn, Knoxville, Tennessee, Attorney for Plaintiff/Appellee

**O P I N I O N**

INMAN, Sr. J.

**I**

The pedestrian plaintiff was struck by a service truck owned by the defendant and operated

by its employee in the course of his duties.[1]  The trial judge allocated 45% of fault to the plaintiff.

The defendant appeals, insisting that the preponderance of the evidence requires a finding that the

"plaintiff was more than 51% at fault"[2] which, in turn, requires the dismissal of the complaint.  The

---

[1]The Governmental Tort Liability Act, T.C.A. § 79-20-101 *et seg.*, controls.  The case
was heard without a jury, and the judgment was rendered in accordance with the doctrine of
comparative negligence, and within the ambit of the statute.

[2]*McIntyre v. Balentine*, 833 S.W.2d 52 (Tenn. 1992) provides that a plaintiff cannot
recover if his negligence is *50% or more of the total negligence*.

issue for resolution is whether the trial court erred in the allocation of fault.

## II

Our review is *de novo* on the record accompanied with a presumption that the judgment is correct unless the evidence preponderates against it. Rule 13(d) T.R.A.P. The presumption of correctness doctrine requires an appellate court to defer to a trial court's findings of fact. *Taylor v. Trans Aero Corp.*, 924 S.W.2d 109, (Tenn. Ct. App. 1995); *Weaver v. Nelms*, 750 S.W.2d 158 (Tenn. Ct. App. 1987); *Realty Shop Inc. v. RR Westminister Holding*, 7 S.W.3rd 581, (Tenn. Ct. App. 1999). Factual findings that rest on credibility are entitled to great weight. *Estate of Walton*, 950 S.W.2d 956 (Tenn. 1997). Superimposed upon these familiar principles is the definitive abjuration to accord trial judges considerable latitude in the allocation of fault between or among culpable parties. *Wright v. City of Knoxville*, 898 S.W.2d 177 (Tenn. 1995).

## III

The plaintiff was 68 years old at the time of the accident. He drove onto Triangle Street in Lenoir City, found a proper parking space, and alighted from his truck intending to cross Triangle Street en route to a barber shop nearby. He was "walking briskly" on account of a light rain; he looked to his right, and thence to his left as he approached the margin of Triangle Street. He did not again look to his right, and thus did not see the approaching truck driven by an employee of the defendant. The plaintiff was in the middle of the street when he was struck.

The plaintiff testified that his vision was unobstructed to his right, for about 76 feet, and that there were no vehicles approaching from either direction when he prepared to cross the street. After taking four or five steps, he saw, out of the corner of his eyes, the defendant's truck, whose driver

testified that he was traveling about 15 miles per hour when he saw the plaintiff running from his left, applied his brakes, but could not stop in time to avoid the accident.

The trial judge made findings of fact: (1) that the defendant's driver was traveling at a speed of 20 mph, which was too fast under the circumstances; (2) that he drove in the middle of the street rather than in his proper lane[3]; (3) that both parties were proximately negligent; (4) that fault should be allocated 45% to the plaintiff, and 55% to the defendant's driver.

# IV

Each party employed an accident reconstruction expert, both of whom testified by deposition. The defendant's expert opined that the speed of the truck was between 15 and 21 mph when brakes were applied; the trial judge apparently did not treat the expert testimony as materially beneficial except with respect to the speed of the truck. We also take note of the fact that the trial judge made no specific finding as to the credibility of the plaintiff and the defendant's driver. As in most contested lawsuits, the credibility of witnesses who testify in open court is crucial to a resolution of factual disputes, and the trial court's determination or credibility is well-nigh conclusive on appeal, for familiar reasons. See, *Town of Alamo v. Forcum James Company*, 327 S.W.2d 47 (Tenn. 1959). We think the issue of credibility was necessarily resolved by the trial judge favorably to the plaintiff.[4]

# V

The latitude accorded to trial courts in the allocation of fault necessarily controls our review

---

[3]Thus inferring that the accident would probably not have occurred.

[4]A specific issue presented by the appellant is that the trial court erred in refusing to sustain the motion to dismiss made at the close of the plaintiff's proof. We think that reliance on the motion was waived by the introduction of proof and we do not notice it further.

of this case.  We are unable to find that the evidence preponderates against the allocation and the judgment is therefore affirmed at the costs of the appellant.  The case is remanded for all appropriate purposes.

_____
William H. Inman, Senior Judge.

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge