IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 2000 Session

# LEE OFMAN v. DR. JAMES WOODFORD

**Appeal from the Circuit Court for Williamson County**
**No. I-99297     Timothy L. Easter, Judge**

---

**No. M1999-00736-COA-R3-CV - Filed September 14, 2000**

---

This is a suit by an attorney for breach of an oral contract relative to the professional services of an expert witness. Suit was instituted by civil warrant in the general sessions court. Following a default judgment in favor of the plaintiff, an appeal was perfected by the defendant to the circuit court where the case was tried *de novo,* non-jury and resulted in a judgment for the plaintiff in the amount of $2,500.00. The defendant appealed, and we affirm the judgment of the trial court.

**Tenn. R. App. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

WILLIAM B. CAIN, J., delivered the opinion of the court, in which BEN H. CANTRELL, P.J., M.S., and PATRICIA J. COTTRELL, J., joined.

Philip Edward Schell, Franklin, Tennessee, for the appellant, Dr. James Woodford.

Lee Ofman, Franklin, Tennessee, Pro Se.

## OPINION

This suit originated in the General Sessions Court of Williamson County by civil warrant whereby Lee Ofman ("the plaintiff"), an attorney, sued Dr. Warren James Woodford ("the defendant"), a forensic chemist, charging breach of contract. Specifically, the plaintiff alleged:

> [B]reach of contract in that Dr. Woodford was employed by Lee Ofman to testify as an expert witness in the field of forensic chemistry on behalf of Zane Davis, Jr. Dr. Woodford would not meet with Lee Ofman to prepare for the case and did nothing on Mr. Davis' behalf to prepare for the trial. Mr. Davis paid Dr. Woodford $2,500.00 as a retainer. Mr. Ofman has reimbursed Mr. Davis that amount plus has agreed to pay $500.00 more for the hiring of a new expert, for a total of $3,000.00 in damages.

The case was set for trial on May 17, 1999 in the general sessions court, and upon failure of Defendant to appear, judgment by default was rendered in favor of Plaintiff in the amount of $2,500.00. Defendant filed an appeal to circuit court which was granted on the 25th day of May 1999. The case was tried *de novo* in the Circuit Court of Williamson County on August 30, 1999, and on September 10, 1999, the trial court entered the following order:

This matter came on to be heard on the 30th day of August, 1999, before the Honorable Timothy L. Easter, Judge of the Circuit Court of Williamson County, Tennessee, Division IV, upon an appeal from the General Sessions Court of Williamson County filed by the Defendant, James Woodford; upon hearing the testimony of witnesses in open Court, the parties being before the Court, and upon the record as a whole, from all of which it duly appears to the Court:

1.      That a legal and binding contract existed between the Plaintiff, Lee Ofman, and the Defendant, James Woodford, and that the Plaintiff Ofman was a party to this contract not an incidental beneficiary.

2.      That the Plaintiff Ofman performed according to the terms of the contract.

3.      That the Defendant Woodford did not perform according to the terms of the contract and committed a material breach of the contract.

4.      That as a result of the breach the Plaintiff Ofman refunded his client, Zane Davis, Jr., $2500 by a check dated January 26, 1999.

5.      That the Plaintiff Ofman therefore suffered damages in the amount of $2500 occasioned by the Defendant's breach of contract.

IT IS THEREFORE ORDERED by the Court that the Plaintiff, Lee Ofman, recover damages for breach of contract in the amount of $2500 and that the Defendant, James Woodford, be required to pay said amount together with the costs of this cause for all of which execution may issue.

On appeal by the Defendant, the statement of the case in his brief asserts:

This is an action for breach of contract. On September 10, 1999 the Circuit Court for Williamson County, Tennessee entered an Order granting the Appellee, Lee Ofman a judgment against the Appellant, Dr. James Woodford in the amount of $2,500.00. On October 1, 1999 the Appellant filed his Notice of Appeal. In this appeal, the Appellant raises a single issue concerning whether Lee Ofman was the proper party to file this action for breach of contract.

Defendant thereafter states the single issue for review to be, "whether the circuit court erred in finding that Lee Ofman was a party to the contract with Dr. James Woodford and that Mr. Ofman had standing to file the lawsuit for breach of the contract."

Thus, the sole question on appeal is whether the contract to provide expert testimony was a contract between the lawyer, Lee Ofman, and the expert witness, Dr. Woodford, or a contract between Mr. Ofman's client, Zane Davis, Jr., and Dr. Woodford. The contract was entirely oral, and the lawsuit was essentially a swearing contest between Lee Ofman and Dr. James Woodford.

The testimony shows, without substantial dispute, that Lee Ofman represented a number of defendants in various DUI cases and that he first contacted Dr. Woodford as a potential expert witness in one of his cases because of a recommendation from a Georgia law firm. Dr. Woodford charged $2,500 as a retainer fee and $1,000 per day for courtroom time. Mr. Ofman would determine whether or not an expert witness would be helpful in the case, and in his contract with his client, it is clear that the client would pay the retainer for the expert witness.

Mr. Ofman and Dr. Woodford worked under this arrangement through several cases and then became disenchanted with each other. Mr. Ofman had used Dr. Woodford as an expert witness at various stages of approximately nine cases, including cases involving Steve Thomas, Susan Blackborn and William Nesmith, along with the case against his client, Zane Davis, for a DUI, which is underlying the case at bar.

Both parties agreed to the essential facts above, but at this point, everything turned into a credibility contest. Mr. Ofman testified that it was he, and not the client Davis, who employed Dr. Woodford or any other expert. Indeed, he, as the lawyer, made the decisions as to whether or not an expert was needed and whether or not to use the testimony of the expert in the actual trial. Ofman testified that Davis knew nothing about Woodford and that, as had been the custom in other cases, once Ofman determined that an expert was needed, he would contact such expert and make arrangements for the expert to meet the client. Ofman would make sure that the client paid the expert's retainer fee.

Dr. Woodford, on the other hand, testified that, although it was true that the lawyer made the initial contact with him, he considered his contract to be with the client who was paying the retainer. Woodford testified that he told Ofman, and each of his clients, that the $2,500 retainer fee was non-refundable. Ofman, Zane Davis, Jr. and another client, Steve Thomas, testified that Dr. Woodford never said that his retainer fee was non-refundable.

The reasons for the "falling out" between Mr. Ofman and Dr. Woodford are hotly contested and present credibility questions, the determination of which are unnecessary in view of the limited issue on appeal. The judgment of the trial court is contested on appeal only regarding the standing of Mr. Ofman, which is determined by whether or not he was a party to the contract.

After the conclusion of all of the testimony and the arguments of counsel, the trial court made a credibility call:

> [Dr. Woodford] said "I am a chemist and I've never really understood the legal system," and I think that's now being manifested; not because of something that he has done to lose a criminal case, but something that he's done that is a negative to him in a civil case, a case of breach of contract.
>
> Again, too, it supports my idea or my views in this courtroom, in a civil courtroom, on breach of contract cases that I hear that there needs to be a writing. There needs to be a writing in every case. Regardless of how simplistic it seems, this case ultimately figures, there needs to be a writing. In the future, I would suggest that certainly to both parties that it all needs to be put in writing.
>
> Having said that, there is some truth, too, to what General Baugh argued about there being a discrepancy here in this case. There's a lot of truth to this, that there's a lot of differences in testimony between what Mr. Ofman said happened over this course of four or five months and what Dr. Woodford says, the defendant, particularly in the conversations they had with one another and Mr. Thomas.
>
> Particularly conversations with Mr. Thomas because the Court really keyed in on his testimony. I was listening to him because I felt like he is a party that would be the most unbiased in this case. He really doesn't have anything to gain or lose out of this.
>
> I understand he does have a case pending in general sessions court now that Mr. Ofman has filed; but I really feel like, at least of the witnesses that I've heard, that he would be the one that would be the most unbiased.
>
> So I do have to make the decision on who I believe. And if I say I believe Mr. Ofman over you Dr. Woodford, again it's not just because I think you are lying. I think it's because of the way you're wired, the[] way you're made up because of your training, because of your field.
>
> You may have seen and heard things during your relationship with Mr. Ofman differently. I think you have seen things differently, just because of the way that you're wired because you're a chemist. And in this arena anyway we deal more with cold, hard facts than possibilities.
>
> Having said all that, General Baugh, I'm going to ask that you prepare the order in this case. I find in favor of the plaintiff in this case. I find that Mr. Ofman was a party to this contract. Whether it's incidental or a third party beneficiary, I really don't know that I'm going to have to make a finding on that.

But, in any event, I find that he is a party in this case and entitled to recovery. I find that as it relates to the contract that existed between him and Mr. Woodford that he, Mr. Ofman, performed his obligations based on his course of dealings with the defendant in the past as he knew his obligations to be. He performed those and, for whatever reason, Mr. Woodford did not.

I find, therefore, that there was a breach of contract and that Mr. Woodford did, in fact, breach his bargain and contract and, as a result, Mr. Ofman suffered damages and I find for Mr. Ofman in the amount of $2500.00. I find that Exhibit 13, where Mr. Ofman issued a check back to Mr. Davis, is evidence of that damage in the amount of $2500.00.

So, therefore, I find for Mr. Ofman in the amount of $2500.00 and attach cost of this matter to the defendant.

So, it is that from hotly disputed testimony that the trial judge, able to observe the manner and demeanor of all of the witnesses, accepted the testimony of Mr. Ofman and rejected the testimony of Dr. Woodford. The rules governing appellate review in these circumstances are well settled:

Since this case was tried by the court sitting without a jury, we review the case *de novo* upon the record with a presumption of correctness of the findings of fact by the trial court. Unless the evidence preponderates against the findings, we must affirm absent error of law. T.R.A.P. 13(d).

The chancellor was faced with conflicting testimony from Taylor on the one hand and Kovsky on the other. As the trier of fact, the chancellor had the opportunity to observe the manner and demeanor of the witnesses as they testified. The weight, faith, and credit to be given to a witness's testimony lies in the first instance with the chancellor as the trier of fact, and the credibility accorded will be given great weight by the appellate court. *Mays v. Brighton Bank,* 832 S.W.2d 347, 352 (Tenn. App. 1992); *Sisk v. Valley Forge Ins. Co.*, 640 S.W.2d 844, 849 (Tenn. App. 1982).

*Taylor v. Trans Aero Corp.*, 924 S.W.2d 109, 112 (Tenn. Ct. App. 1995).

From our view of the record, we cannot say that the evidence preponderates against the trial court's finding that the parties to the contract were Lee Ofman, the attorney and Dr. James Woodford, the expert witness, not the client, Zane Davis, and the expert witness Dr. James Woodford.

This is the only issue raised on appeal. If, however, Dr. Woodford's breach of the contract issue was before the court, the same rule would apply. Mr. Ofman testified that Dr. Woodford refused to properly prepare his testimony in the Davis case and refused to meet with him prior to trial

in order to review his testimony. Dr. Woodford testified that it was Mr. Ofman who refused to be cooperative. The trial judge accepted the version of the facts put forth by Mr. Ofman and the evidence does not preponderate against that finding of fact. Tenn. R. App. P. 13(d).

Accepting Mr. Ofman's version of the facts, a meeting of the minds, mutual assent to terms and sufficient consideration was established so that the contract between Ofman and Woodford was sufficiently definite to be enforceable. *Price v. Mercury Supply Co., Inc.*, 682 S.W.2d 924 (Tenn. Ct. App. 1984). The evidence does not preponderate against the findings of the trial court that Dr. Woodford breached the contract and that Mr. Ofman suffered a resulting $2500 in damages.

The judgment of the trial court is in all respects affirmed, and costs of the cause are assessed against Dr. Woodford.

_____
WILLIAM B. CAIN, JUDGE