# IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT NASHVILLE

| | | |
|---|---|---|
| **JACK JORDAN,** | ) | |
| | ) | |
| Plaintiff/ Appellant, | ) | Williamson Chancery No. 23924 |
| | ) | |
| **v.** | ) | |
| | ) | Appeal No. 01A01-9607-CH-00340 |
| **FRANCES J. MARCHETTI,** | ) | |
| | ) | |
| Defendant/Appellee, | ) | |
| | ) | |

APPEAL FROM THE CIRCUIT COURT OF DAVIDSON COUNTY
AT NASHVILLE, TENNESSEE

THE HONORABLE CORNELIA A. CLARK, CHANCELLOR

For the Plaintiff/Appellant:

Everett H. Falk
Franklin, Tennessee

For the Defendant/Appellee:

C. D. Berry
Franklin, Tennessee

Ed Silva
Franklin, Tennessee

**AFFIRMED**

HOLLY KIRBY LILLARD, J.

CONCURS:

ALAN E. HIGHERS, J.

DAVID R. FARMER, J.

# OPINION

This case involves an action for rescission of a deed to land allegedly procured through promissory fraud and duress. The trial court dismissed the case on the grounds that it had been brought after the expiration of the applicable statute of limitations. We reverse.

Appellant Jack Jordan ("Jordan") is the son of Willie Nell McArthur Jordan ("Mother"). Appellee Frances Marchetti ("Marchetti") is Jordan's sister. On April 13, 1987, Mother signed a warranty deed conveying certain real estate to Marchetti for consideration of ten dollars. This deed was recorded on April 14, 1987. On July 20, 1993, Jordan, acting as next friend to Mother, filed a suit seeking, among other things, rescission of the warranty deed. Although the record in this case contains none of the pleadings in Jordan's previous suit, Jordan apparently alleged promissory fraud and duress, the same allegations raised in the instant suit. Mother died on September 15, 1994, while the action was pending. Consequently, Jordan's "next friend" lawsuit was dismissed without prejudice on March 29, 1995. On March 29, 1996, Jordan instituted the instant action in his own name as an heir to the estate, alleging that Marchetti procured the conveyance through fraud, and seeking rescission of the warranty deed. This was over nine years after the allegedly fraudulent conveyance, and over a year after Mother's death.

Marchetti filed a Motion to Dismiss, asserting the suit was barred by the three-year statute of limitations provided for in Tennessee Code Annotated § 28-3-105[1] and the six-year statute of limitations provided for in Tennessee Code Annotated § 28-3-109.[2] In response, Jordan argued that the applicable statute of limitations was ten years, as set forth in Tennessee Code Annotated § 28-3-

---

[1]The statute provides, in pertinent part:

> The following actions shall be commenced within three (3) years from the accruing of the cause of action:
>
> (1) Actions for injuries to personal or real property; . . . .

Tenn. Code Ann. § 28-3-105(1) (1980 & Supp. 1996).

[2]The statute provides, in pertinent part:

> (a) The following actions shall be commenced within six (6) years after the cause of action accrued:
>
> * * *
>
> (3) Actions on contracts not otherwise expressly provided for.

Tenn. Code Ann. § 28-3-109(a)(3) (1980 and Supp. 1996).

110.[3] During the hearing, the court allowed Marchetti to amend her motion to dismiss to include the one-year statute of limitations contained in Tennessee Code Annotated § 28-3-104.[4]

After the hearing, the trial court issued an Order, in which it observed that the suit would be barred under each of the three statutes cited by Marchetti, but timely if the ten-year statute of limitations applied. In addition, the trial court raised *sua sponte* the possible applicability of a seven-year statute of limitations.[5] The trial court then found:

> As defendant [Marchetti] has noted, fraud in the inducement of a contract is essentially the common-law action of deceit, and the applicable statute of limitations is three years under T.C.A. §28-3-105. See also Vance v. Schulder, 547 S.W.2d 927, (Tenn. 1977); Prescott v. Adams, 627 S.W.2d 134, 137 (Tenn. App. 1982).
>
> Plaintiff [Jordan] has cited the federal district court opinion in Home Guaranty Insurance Corporation v. Third Financial Services, Inc., 694 F.Supp. 438

---

[3]The statute provides, in pertinent part:

> The following actions shall be commenced within ten (10) years after the cause of action accrued:
> * * *
> (3) All other cases not expressly provided for.

Tenn. Code Ann. § 28-3-110(3) (1980 and Supp. 1996).

[4]The statute provides, in pertinent part:

> (a) The following actions shall be commenced within one (1) year after the cause of action accrued:
>
> (1) Actions for libel, for injuries to the person, false imprisonment, malicious prosecution, breach of marriage promise; . . . .

Tenn. Code Ann. § 28-3-104(a)(1) (Supp. 1996).

[5]This appears to be based on Tenn. Code Ann. § 28-2-102 or § 28-2-103. Section 102 provides:

> On the other hand, any person, and those claiming under him neglecting for the said term of seven (7) years to avail themselves of the benefit of any title, legal or equitable, by action at law or in equity, effectually prosecuted against the person in possession, under recorded assurance of title, as in § 28-2-101, are forever barred.

Tenn. Code Ann. § 28-2-102 (1980 and Supp.1996). Section 28-2-103(a) provides:

> No person or anyone claiming under him shall have any action, either at law or in equity, for the recovery of any lands, tenements or hereditaments, but within seven (7) years after the right of action accrued.

Tenn. Code Ann. 28-2-103(a) (1980 and Supp.1996).

(M.D. Tennessee, 1988).  Notwithstanding the outcome of that case, this court is convinced that the cause of action in the instant suit is covered by one of the more specific statutes of limitations rather than by T.C.A. §28-3-110(3).

The trial court then dismissed Jordan's lawsuit as time-barred.

On appeal, Jordan asserts that the applicable statute of limitations is ten years.  Jordan also claims that, if the seven-year statute of limitations applies, as discussed by the trial court, then the one-year savings statute at Tennessee Code Annotated § 28-1-105 would prevent the suit from being time-barred, since the instant lawsuit was filed a year after the dismissal of Jordan's previous lawsuit.  Marchetti argues that Jordan's suit was filed a year and a day after the dismissal of the previous suit, because a leap year was involved.  Jordan responds that the intervention of a leap year does not mean that his lawsuit was not timely filed.

There are no factual disputes on appeal.  The determination of the applicable statute of is a question of law.  Therefore, our review of the judgment below is *de novo* upon the record without a presumption of correctness.  Tenn. R. App. P. 13(d); *see also Marriott Employees' Fed. Credit Union v. Harris*, 897 S.W.2d 723, 727 (Tenn. App. 1994).

A statute of limitations commences at the time when the plaintiff has a cause of action.  *R.J. Reynolds Tobacco Co. v. Carson,* 213 S.W.2d 45, 51, 187 Tenn. 157, (Tenn. 1948).  A cause of action accrues when the plaintiff attains a right to sue.  *Armistead v. Clarksville-Montgomery County School System,* 437 S.W.2d 527, 528-29, 222 Tenn. 486, (Tenn. 1969).

Jordan has filed this suit in his individual capacity.  He is not acting as executor of Mother's estate or in any other capacity on behalf of his mother.[6]  Since Jordan's personal interest in the real property did not vest until the death of Mother,[7]  his cause of action accrued at the time of Mother's death, September 15, 1994.  *See Templeton v. Twitty,* 14 S.W. 435, 88 Tenn. 595 (Tenn. 1890); *Maytin v. Vela,* 216 U.S. 598 (1910).

---

[6]Our review is, of course, limited to the evidence provided within the record. The record does not include any pleadings or other documents regarding Jordan's "next friend" lawsuit on Mother's behalf.  Therefore, it does not contain sufficient information to determine whether the present suit is an extension of the suit filed by Jordan as next friend of his mother.

[7]The record shows that Jordan is a devisee of Mother's estate.

Next we must determine the applicable statute of limitations. To do so, it is necessary to look at the gravamen of the action, rather than a party's designation of the case as lying in tort or contract. *Taylor v. Trans Aero Corp.*, 924 S.W.2d 109, 113 (Tenn. App. 1995). We look at the subject matter of the case, not the remedial procedure used. *Id.*, citing *Williams v. Thompson*, 223 Tenn. 170, 172, 443 S.W.2d 447, 449 (1969).

In the instant case, Jordan filed an action for fraudulent inducement of a contract, claiming that through promissory fraud and duress Marchetti induced Mother to deed her the land in question in exchange for ten dollars.[8] Recently, the Middle Section Court of Appeals addressed the applicable statute of limitations for such a claim in *Orlando Residence, Ltd. v. Nashville Lodging Co.,* No. 01A-01-9606-CH-00256, 1996 WL 724915 (Tenn. App. Dec. 18, 1996), *perm. to appeal denied*, *concurring in result only* (May 19, 1997).

In *Orlando*, the Court relied on *Akers v. Gillentine,* 33 Tenn. App. 212, 231 S.W.2d 372 (Tenn. App. 1950), *Ramsey v. Quillen,* 73 Tenn. 184 (Tenn. 1880), and *Boro v. Hidell,* 122 Tenn. 80, 120 S.W. 961 (Tenn. 1909), to create a distinction between an action to set aside a fraudulent conveyance and an action to recover damages based on the fraud. *Orlando,* 1996 WL 724915 at *3. The court concluded that an action to set aside a fraudulent conveyance is governed by the seven-year statute set forth in Tennessee Code Annotated § 28-2-103. *Id.* at *4.

Jordan filed this suit in 1996. His cause of action accrued upon Mother's death on September 15, 1994. Because Jordan's cause of action seeks to set aside an allegedly fraudulent conveyance, and does not seek damages, it is governed by the seven-year statute of limitations set forth in Tennessee Code Annotated § 28-2-103. Therefore, it has been timely filed. Consequently, we reverse the trial court's finding that the Jordan's action is barred by the statute of limitations.

Notwithstanding this, it is possible for Marchetti to establish that she has acquired title by virtue of adverse possession arising out of color of title, pursuant to Tennessee Code Annotated § 28-2-101. Under this framework, the statute essentially operates as a statute of repose. *See Savely v. Bridges,* 418 S.W.2d 472, 478 (Tenn. App. 1967); *Harvey v. Pickel,* 1986 WL 674 (Tenn. App. Jan. 8, 1986). Under these circumstances, the period of time would run from the time of the

---

[8]In his Brief, Jordan claims the warranty deed shows Marchetti was to pay consideration in the amount of ten thousand dollars, but the deed shows only a consideration of ten dollars. The deed also shows the estimated value of the land to be ten thousand dollars.

conveyance, nine years before Jordan filed this lawsuit.[9] This issue may be considered by the trial court on remand.

The decision of the trial court is reversed. This case is remanded to the trial court for further proceedings. Costs are assessed against Appellant, for which execution may issue if necessary.

 

 

_____
**HOLLY KIRBY LILLARD, J.**

**CONCUR:**

_____
**ALAN E. HIGHERS, J.**

_____
**DAVID R. FARMER, J.**

---

[9]Because we reverse on the statute of limitations issue, it is not necessary to discuss whether Jordan may use the savings statute to resurrect the case that he filed as next friend to his mother. Nevertheless, we note that Jordan describes the two lawsuits as "separate and independent actions" in his Response to Marchetti's Motion to Dismiss.