Jimmie R. ALVERSON,
Plaintiff–Appellant,

v.

AMERICAN NATIONAL INSURANCE COMPANY; Legacy Marketing Group; Kent Garver, individually and doing business as Paramark Financial Services, Defendants–Appellees.

No. 00–6432.

United States Court of Appeals, Sixth Circuit.

Feb. 25, 2002.

Before GUY and CLAY, Circuit Judges; NUGENT, District Judge.[*]

PER CURIAM.

Plaintiff, Jimmie R. Alverson, appeals from the entry of summary judgment in favor of all three defendants on statute of limitations grounds. Alverson argues that because genuine issues of material fact existed under Tennessee's "discovery rule," the district court erred in finding that the action accrued outside the three-year statute of limitations. In the alternative, Alverson contends that his breach of contract claim was not governed by the three-year statute of limitations. Our review of the record convinces us that the district court did not err in its application of the "discovery rule." We find, however, that plaintiff has alleged a distinct action for breach of contract which is governed by a six-year statute of limitations. We nonetheless affirm the grant of summary judgment in favor of defendants American National Insurance Company (ANICO) and Legacy Marketing Group (Legacy) on grounds not reached by the district court. The matter is reversed in part and remanded for further proceedings on Alverson's breach of contract claim against defendant Kent Garver, only.

I.

Garver owned and operated Paramark Financial Services, a division of Paramark Insurance Corporation, and was engaged in the business of selling insurance policies

---

[*] Honorable Donald C. Nugent, United States District Judge for the Northern District of Ohio, sitting by designation.

and annuities. Garver marketed insurance products for 40 to 50 companies, including Legacy. Legacy marketed insurance products underwritten by ANICO as well as other insurance companies. The contract between Legacy and Garver specified that Garver was an independent contractor. Garver was paid on a commission basis, and Legacy retained no rights of control over Garver's actions except that he was forbidden from placing client funds for Legacy products into his own company account.

Alverson's accountant, William Jordan, referred Alverson to Garver in January 1995. Alverson, who had retired from employment with American Home Products, Inc., opted to withdraw his retirement funds and sought to invest them elsewhere. Alverson was shown a sales illustration for ANICO annuities and researched the company before meeting with Garver. Garver suggested that Alverson purchase ANICO annuities with the $275,000 he had withdrawn from his retirement accounts. The annuities were to be purchased in $50,000 increments. Alverson agreed and delivered the proceeds of his retirement and savings accounts to Garver. On April 19, 1995, Alverson signed an ANICO application for a single $50,000 annuity. Garver sent Legacy the application, along with a $50,000 check payable to ANICO. Garver invested only $50,000 in ANICO annuities and transferred the balance of Alverson's money into the "Hallmark High Yield Fund." The Hallmark fund was actually controlled by Garver's own company, defendant Paramark Financial Services.[1] The ANICO annuity turned out to be a legitimate investment, but the money invested in the Hallmark fund was lost when Garver's company went under.[2]

Seeking recovery of his lost funds, Alverson filed this action against ANICO, Legacy, and Garver. After dismissal of several claims not at issue on appeal, defendants filed summary judgment motions raising a number of grounds. In separate orders, the district court concluded that plaintiff's claims of fraud, misrepresentation, and breach of contract were barred by the three-year statute of limitations applicable to actions for injury to property. This appeal followed.

## II.

### A. Statute of Limitations

█ The district court's determination of whether a claim is barred by a statute of limitations is a question of law, which we review de novo. Tolbert v. State of Ohio Dept. of Trans., 172 F.3d 934, 938 (6th Cir.1999). We also review the decision to grant summary judgment de novo. Smith v. Ameritech, 129 F.3d 857, 863 (6th Cir. 1997).

█ Plaintiff contends that even if the three-year limitations period applies to all of his claims, there was at least a question of fact whether his claims accrued before or after March 31, 1996. A cause of action accrues under Tennessee's "discovery rule" when the injury is discovered or when, in the exercise of reasonable care and diligence, it should have been discovered. See Potts v. Celotex Corp., 796 S.W.2d 678, 680 (Tenn.1990). The statute is tolled as long as the plaintiff has no

---

1. While Garver claims that Alverson agreed to invest all but $50,000 in the Hallmark fund, Alverson testified that Garver never discussed the Hallmark fund or any investment other than ANICO annuities.

2. The facts concerning the initial meeting, the circumstances that followed, as well as the parties' conflicting versions of some of the details, are all set forth in the district court's opinion and will not be repeated here.

knowledge of the wrong and, as a reasonable person, was not put on inquiry. *Id.* at 680–81. Our review of the record leads us to the inescapable conclusion that, when the documents received (and not received) by Alverson are considered together and in context, no reasonable juror could find that Alverson had not been placed on inquiry notice prior to March 31, 1996.

■ In Tennessee, "'the gravamen of an action, rather than its designation as an action for tort or contract, determines the applicable statute of limitations.'" *Alexander v. Third Nat'l Bank,* 915 S.W.2d 797, 798 (Tenn.1996) (quoting *Pera v. Kroger Co.,* 674 S.W.2d 715, 719 (Tenn.1984)). In determining the gravamen, or real purpose of an action, the court must look to the basis for which damages are sought. *Bland v. Smith,* 197 Tenn. 683, 277 S.W.2d 377, 379 (1955). We agree with the district court that the gravamen of the fraud and misrepresentation claims that resulted in the conversion of the bulk of plaintiff's funds is for damage to property and, as such, those claims are barred by the three-year statute of limitations set forth in Tenn.Code Ann. § 28–3–105(1). *See Vance v. Schudder,* 547 S.W.2d 927, 931 (Tenn.1977) (misrepresentations by directors induced shareholder to sell stock at less than full value); *Keller v. Colgems–EMI Music, Inc.,* 924 S.W.2d 357, 360–61 (Tenn.Ct.App.1996) (breach of fiduciary duty by fraudulent failure to disclose provisions in contract amendment).

■ Our reading of the complaint convinces us, however, that plaintiff has also alleged an action for damages based on Garver's failure to purchase the other annuities as plaintiff alleges they had agreed.

*See Alexander,* 915 S.W.2d at 799 (holding that substance of action was bank's refusal to make a loan in the amount agreed and damages were not for injury to property). In *Taylor v. Trans Aero Corp.,* 924 S.W.2d 109 (Tenn.Ct.App.1995), the lessor of an aircraft severely damaged in a crash sued the lessee that had been operating the aircraft. There, the court held that the lessor had sought recovery not only for property damage to the aircraft itself, which was barred by the three-year statute of limitations, but also for breach of the contractual promise to insure the aircraft for $150,000, which was governed by the six-year statute of limitations for breach of contract.[3]

The breach of contract claim in this case is not incident to the alleged fraudulent misrepresentations, but independently states an action for damages caused by the failure to secure the annuity contracts in breach of an alleged oral contract. As such, we find this claim is not barred by the applicable six-year statute of limitations.

## B. Apparent or Ostensible Authority

We turn to the alternative grounds upon which ANICO and Legacy requested summary judgment. Although the district court found it unnecessary to address those defenses, we find they have merit and affirm the grant of summary judgment in favor of ANICO and Legacy.

■ ANICO argues that it cannot be held liable for Garver's acts because he was not an employee or agent of ANICO. *See Sain v. ARA Mfg., Co.,* 660 S.W.2d 499, 500–01 (Tenn.Ct.App.1983) (tort liabil-

---

**3.** *See also Lewis v. Caputo,* No. E1999–01182–COA–R3–CV, 2000 WL 502833 (Tenn.Ct.App. Apr.28, 2000) (suit against former attorney alleged both a cause of action for legal malpractice, which was barred by a one-year statute of limitations, and a cause of action for breach of contract for refusing to provide representation, which was governed by the six-year statute of limitations).

ity of principal for act of agent is the same as the liability of a master for the act of his servant). In determining whether the relationship is one of principal and agent, or independent contractor, the following factors must be considered: (1) the right to control the manner and conduct of the work; (2) the right of termination; (3) the method of payment; (4) the freedom to select and hire helpers; (5) the furnishing of tools or equipment; (6) self scheduling of working hours; and (7) the freedom to render services to others. *See Masiers v. Arrow Transfer & Storage Co.*, 639 S.W.2d 654, 656 (Tenn.1982). The primary test of agency is the right to control the conduct of the agent with respect to matters entrusted to the agent. *Sain*, 660 S.W.2d at 501.

■ ANICO established in the district court that it made no payments to Garver or Paramark and had no right to control or direct the actions of Garver or Paramark. ANICO had no right to tell Garver, as Paramark's president, to hire or fire any employees, and no right to direct the assignment of work to Garver or any of Paramark's employees or agents. Nor could ANICO direct Garver to sell ANICO products. Garver made all decisions about which insurance company's products fit the needs of his customers and which products he would present and sell to his customers. Garver's only relationship with ANICO was that he had an appointment to sell products underwritten by ANICO, which was similar to the appointments he had from some 40 to 50 other insurance companies. When the test set forth by the Tennessee courts is applied to the established facts, it is clear that, as between ANICO and Garver, Garver was an independent contractor.

■ Apparently recognizing the weakness in his agency theory, plaintiff relies on Tenn.Code Ann. § 56–6–147 to establish that Garver was an agent of ANICO. However, the term "insurance agent" is defined in Tenn.Code Ann. § 56–6–132(4) to mean "an individual who has an agency contract or agreement with an insurer to solicit or negotiate a policy of insurance on the insurer's behalf." The record shows that Garver, doing business as Paramark, acted as a broker placing insurance with one of many insurance companies and, therefore, § 56–6–147 does not apply. *See Ebbtide Corp. v. Travelers Ins. Co.*, No. M1999–01932–COA–R3–CV, 2001 WL 856578 (Tenn.Ct.App. July 31, 2001).

■ Plaintiff abandoned any attempt to establish an agency relationship between Garver and Legacy and, instead, relied solely on an "apparent or ostensible authority" theory. The fatal weakness in this theory, however, is that before plaintiff can assert that Garver had the apparent or ostensible authority of the alleged principal, he must first establish an agency relationship. This he has failed to do. Even if he had, plaintiff's claims would nonetheless fail because the record will not support a finding that Garver acted under the apparent or ostensible authority of either ANICO or Legacy.

As defined in Tennessee, apparent authority must be established through the acts of the principal rather than the agent. *Franklin Distrib. Co., Inc. v. Crush Int'l, Inc.*, 726 S.W.2d 926, 930–31 (Tenn.1986). "[A] principal is responsible for the acts of an agent within his apparent authority only where the principal himself by his acts or conduct has clothed the agent with the appearance of authority, and not where the agent's own conduct has created the apparent authority.'" *Southern Ry. Co. v. Pickle*, 138 Tenn. 238, 197 S.W. 675, 677 (1917) (citation omitted); *see also Franklin Distrib.*, 726 S.W.2d at 930–31. Thus, the fact that Garver allegedly told plaintiff

that he was an exclusive agent for ANICO cannot establish apparent authority. While the literature provided to plaintiff bore ANICO's name, there is no evidence that any of ANICO's literature or other correspondence held Garver out as its agent. Rather, Garver's company was specifically identified as Paramark Financial Services, with no indication of any affiliation with ANICO.

 As for Legacy, the theory of apparent authority is a completely untenable basis for liability. For the doctrine of apparent authority to be applicable, it is necessary that the plaintiff be " 'aware of the principal's acts from which the apparent authority is deduced, and that he dealt with the agent in reliance thereon, in good faith, and in the exercise of reasonable prudence.' " *Pickle,* 197 S.W. at 677 (citation omitted). Garver never mentioned Legacy to plaintiff, much less claimed to be its agent. In fact, plaintiff admitted that he did not even know of the existence of Legacy until April 1998, well after the transactions involved in this litigation had occurred.

The judgment is AFFIRMED with respect to ANICO and Legacy and REVERSED IN PART and REMANDED for further proceedings on plaintiff's breach of contract claim against Garver.