January 22, 1996

FOR PUBLICATION

IN THE SUPREME COURT OF TENNESSEE

AT NASHVILLE

| | | |
|---|---|---|
| GUY ALEXANDER, JR., ROYCE TAYLOR, AND SKYLINE APARTMENTS PARTNERSHIP, | ) ) ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| | ) | Davidson Circuit |
| | ) | |
| v. | ) | Hon. Barbara N. Haynes, Judge |
| | ) | |
| | ) | No. 01S01-9411-CV-00147 |
| | ) | |
| THIRD NATIONAL BANK, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

For Defendant-Appellee:

Robert C. Goodrich, Jr.
Farris, Warfield & Kanaday
Nashville

John C. Tishler
Nashville

For Plaintiffs-Appellants:

W. Gary Blackburn
David F. Gore
Blackburn & Slobey, P.C.
Nashville

John D. Melton, III
Murfreesboro

# **O P I N I O N**

COURT OF APPEALS REVERSED;
CASE REMANDED TO TRIAL COURT.                              REID, J.

This case presents for review the decision of the
Court of Appeals sustaining the defendant's motion for summary
judgment on the ground the suit is barred by the three year
statute of limitations.  This Court finds the essential cause of
action alleged is breach of contract rather than injury to
property and, therefore, the applicable limitation period is six
years rather than three years.[1]


I.


For the purposes of this appeal, the circumstances of
the case, including the course of the negotiations between the
parties Guy Alexander, Jr. and Royce Taylor, d/b/a The Skyline
Apartments, a general partnership, and the Third National Bank,
are not disputed.  The plaintiff became the purchaser of The
Skyline Apartments located in Gallatin, Tennessee.  The

---

[1]Tenn. Code Ann. § 28-3-105(1) (Supp. 1995) provides, "The
following actions shall be commenced within three (3) years from the
accruing of the cause of action:  (1)  Actions for injuries to
personal or real property."  Tenn. Code Ann. § 28-3-109(a)(3) (1980)
provides, "The following actions shall be commenced within six (6)
years after the cause of action accrued: . . . (3)  Actions on
contracts not otherwise expressly provided for."

apartments were encumbered by a deed of trust securing a loan in the approximate amount of $250,000 due Sovran Bank and one or more debts due the sellers which were secured by liens on the property. The defendant bank agreed to loan the partnership $650,000. The proceeds of the loan were to be used to pay the debts that were liens against the property and to renovate the apartments. A deed of trust on the apartments securing a loan in that amount was prepared and executed, but it was not recorded.

The plaintiff had difficulty obtaining a release or subordination agreement from the sellers, who had transferred at least one of the secured debts to the Goodlettsville Bank. In the meantime, Third National Bank began making unsecured advances so that the partnership could commence renovation of the apartments. The partnership ultimately obtained from the bank loans in the amount of $350,000, the proceeds of which were used to improve the apartments. The partnership was not able to obtain a recordable subordination agreement from the prior owners. When the bank stopped making advancements, the property was still encumbered by the Sovran Bank deed of trust and liens securing the former owners.

The bank then removed the page of the executed deed of trust containing the signatures of the parties, attached that

page to a deed of trust securing a loan of $350,000, and recorded the deed of trust at the register's office. The bank contends that the plaintiff consented to this action; the partnership denies that it consented.

The bank foreclosed the recorded deed of trust, the apartments were sold pursuant to the foreclosure, and Guy Alexander, Jr., personally, and the partnership filed bankruptcy proceedings.

## II.

The complaint charges breach of contract, breach of "implied duty of good faith and fair dealing," "fraudulent and/or negligent misrepresentation," and fraud. The plaintiff alleges as damages: additional costs of renovation caused by the delay in obtaining even partial financing from the defendant; additional interest expense caused by an increase in interest rates; lost rent as a result of the delay in completing renovations; and loss of its equity in the apartments caused by its inability to find substitute financing. The plaintiff does not allege any damage to the property itself.

In defense, Third National Bank denied the violation of any duty or obligation due the plaintiff and affirmatively

pled the one year statute of limitations, the three year statute of limitations, waiver, estoppel, and laches. It also filed a counter-claim against the plaintiff and the partners individually for the balance due on the loans made to the partnership.

III.

The plaintiff contends that the suit is an action for breach of contract, governed by Tenn. Code Ann. § 28-3-109(a)(3), the six year statute of limitations. The defendant contends it is an action for injury to property, governed by Tenn. Code Ann. § 28-3-105, the three year statute of limitations.

Whether the cause of action alleged is *ex contractu* or *ex delicto* is not determinative of the applicable statute of limitations. Bland v. Smith, 197 Tenn. 683, 277 S.W.2d 377, 379 (1955). This Court stated in Pera v. Kroger Co., 674 S.W.2d 715, 719 (Tenn. 1984): "It is well settled in this state that the gravamen of an action, rather than its designation as an action for tort or contract, determines the applicable statute of limitations."

-5-

The issue before the Court is determined by the decision in <u>Farabee-Treadwell Co. v. Union & Planters' Bank & Trust Co.</u>, 135 Tenn. 208, 186 S.W. 92 (1916). In that case, the complaint alleged that the defendant bank agreed to loan $10,000 to the plaintiff to pay for the purchase of corn upon delivery to the bank of a note secured by a lien on the corn. On the day a portion of the corn was delivered the plaintiff applied to the defendant for part of the loan. The defendant admittedly breached the contract by refusing to loan the money, and the plaintiff was forced to sell the corn and other commodities on the open market at a loss. The plaintiff sued the bank for the lost profit and also for injury to the plaintiff's credit. In determining the damages to which the plaintiff was entitled, the Court discussed whether the suit was in contract or tort.

> There has been much discussion in the case as to whether this was an action upon the contract or in tort. The Court of Civil Appeals took the view that it was a suit in tort, and that plaintiff was accordingly entitled to recover all damages it sustained growing out of the tort, which that court thought included every item of damage set out in the declaration aforesaid.

> We are unable to agree with the conclusion of the Court of Civil Appeals that this can be treated as a case in tort.

<u>Id</u>. at 93. The Court held that the complaint stated a cause of action for breach of contract and stated further:

> If the plaintiff is able to establish upon a trial of the case that it did have such contract as charged, and that the bank breached it under the circumstances detailed in the declaration, and that plaintiff did not have time after the loan was refused to procure funds elsewhere in order to meet its obligation, then under such circumstances we think the bank is liable to the plaintiff for the special damage claimed. That is to say, the bank is liable for the loss plaintiff suffered by reason of the necessity of making a forced sale of this corn. Such loss naturally and proximately followed the bank's breach of contract under the circumstances alleged, and was a loss necessarily within the contemplation of the parties under the peculiar contract averred.

<u>Id</u>. at 94.

A review of the facts in the case before the Court shows that, as in the <u>Farabee-Treadwell</u> case, there has been no injury to the property, but rather interference with the plaintiff's anticipated economic gain from the use of the loan proceeds. The substance of the allegations is that the bank refused to make a loan in the amount and on the terms contemplated by the parties. All of the alleged wrongs committed by the defendant were incidental to the bank's making

a $350,000 loan rather than a $650,000 loan. Even the fabrication of the deed of trust which was recorded and foreclosed, and alleged by the plaintiff to constitute fraud, was an aspect of the bank's limiting the amount of the loan. Also, the alleged misrepresentations related to the bank's refusal to loan the larger amount. The damages alleged also indicate the gravamen of the suit to be breach of contract. The plaintiff complains of additional costs of renovation, increase in the interest rate, and loss of rent. The defendant's counter-claim for the loan made indicates the cause of action is breach of contract rather than a tort action for damage to property. Here, neither the value of the property nor the plaintiff's interest in the property was diminished by the failure to loan the money; those values were not affected by the alleged breach of contract. Consequently, there was no damage to property or to an interest in property.

The bank relies upon <u>Vance v. Schulder</u>, 547 S.W.2d 927 (Tenn. 1977), in which the Court held that the applicable statute of limitations was three years in a suit based on the claim that the sale of the plaintiff's stock for less than its full value was induced by the fraudulent representations of the defendant. In that case a minority stock holder sued the directors of the company, alleging that the directors' misrepresentations regarding the value of the plaintiff's stock

resulted in the plaintiff selling his stock at less than its fair value.  The Court found that:

> [T]he gravamen of the present case is fraud in the inducement of a contract, the old common law action of deceit.  Plaintiff alleges damages resulting from face to face misrepresentations of material facts which induced him to sell his stock at a much lower figure than reasonable.

Id. at 931.  The Court held the claim was grounded in the tort of deceit, for which the statute of limitations is three years.  In that case, the value of the plaintiff's interest in the stock was affected by the defendant's deceit.  That decision is not inconsistent with the finding in the instant case that the gravamen of the complaint is breach of contract.

Nor does the decision of the Sixth Circuit Court of Appeals in Cumberland & Ohio Co. v. First Am. Nat'l. Bank, 936 F.2d 846 (6th Cir. 1991), cert. denied, 502 U.S. 1034 (1992), support the defendant's position in this case.  That court, interpreting Tennessee law, held that the three year statute applied to a suit for damages incurred because the plaintiff was forced by the defendant bank, pursuant to a financing agreement, to sell property for less than its fair value.  The court found the substance of the alleged wrong, economic duress, was indistinguishable from deceit and that the suit was barred by

the three year statute of limitations.  In that case also, the value of the plaintiff's interest in the property sold was affected by the defendant's wrongful act.

Because the Court finds the six year statute applicable, discussion of the plaintiffs further contention that the running of the three year statute was tolled is not addressed.

The judgment of the Court of Appeals is reversed, and the case is remanded to the trial court.

Costs are taxed against Third National Bank.

_____
Lyle Reid, J.

Concur:

Anderson, C.J., Drowota, Birch, and
    White, JJ.