# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
JULY 12, 2001 Session

## SUSAN GREEN v. LEON MOORE, ET AL.

**Direct Appeal from the Circuit Court for Williamson County**
**No. I-2K393; The Honorable Robert E. Lee Davies, Judge**

-----

**No. M2000-03035-COA-R3-CV - Filed December 28, 2001**

-----

This appeal arises from the breach of a settlement agreement entered into by the Appellants and the Appellee. The Appellee filed a complaint against the Appellants in the Circuit Court for Williamson County, seeking damages for loss of reputation, embarrassment, humiliation, lost wages, loss of earning capacity, and loss of the ability to advance. The Appellants filed a motion to dismiss on the basis that the action was barred by the statute of limitations. The trial court granted in part and denied in part the motion to dismiss.

The Appellants filed an application for permission to appeal with this Court pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. This Court granted the application for permission to appeal. For the reasons stated herein, we affirm the trial court's decision.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY KIRBY LILLARD, J., joined.

Eugene N. Bulso, Jr., Barbara Hawley Smith, Nashville, for Appellants

James D. Kay, Jr., Nashville, for Appellee

## OPINION

### I. Facts and Procedural History

On January 29, 1996, the Appellee, Susan Green ("Ms. Green"), entered into a settlement agreement with the Appellants, Leon Moore ("Mr. Moore") and ShoLodge, Inc. and ShoLodge Franchise Systems, Inc. ("ShoLodge"). The settlement agreement provided that "[t]he parties agree that each shall refrain from engaging in any conduct or making any statements, oral or written, which would disparage, harm or otherwise adversely or negatively impact or affect the reputation or employment prospects of the other . . . regardless of whether any such statements or conduct are in

fact true." The settlement agreement further provided for damages upon breach which included injunctive relief, consequential damages, and punitive damages.

In 1997, Ms. Green began employment at Prime Hospitality, an entity that formerly had been in a partnership or joint venture with ShoLodge. In August, 1997, Mr. Moore visited the AmeriSuites Hotel in Franklin, Tennessee, a hotel owned by Prime Hospitality, and called Ms. Green an expletive in front of other Prime Hospitality employees. Ms. Green explained the occurrence to her Human Resources Director. Ms. Green claims that, as a result of Mr. Moore calling Ms. Green an expletive, she was not allowed to work on twenty-seven land purchase deals between Prime Hospitality and ShoLodge.

On July 31, 2000, Ms. Green filed a complaint against Mr. Moore and ShoLodge in the Circuit Court for Williamson County, seeking to recover $1,000,000.00 in compensatory and punitive damages. The complaint alleged that Mr. Moore and ShoLodge breached the provisions of the settlement agreement. The complaint alleged that Ms. Green suffered loss of reputation, embarrassment, humiliation, lost wages, loss of earning capacity, and loss of her ability to advance with Prime Hospitality.

On September 5, 2000, Mr. Moore and ShoLodge filed a motion to dismiss pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure on the basis that the action was barred by the applicable statute of limitations under section 28-3-104(a)(1) of the Tennessee Code. On September 20, 2000, the trial court granted the motion to dismiss with respect to Ms. Green's claims for loss of reputation, humiliation, and embarrassment. The trial court concluded that these claims were personal in nature and subject to a one year statute of limitations. The trial court denied the motion to dismiss with respect to Ms. Green's claims for lost wages, loss of earning capacity, and loss of the ability to advance. The trial court concluded that these claims were contractual in nature and subject to a six year statute of limitations.

On October 20, 2000, Mr. Moore and ShoLodge filed a motion for permission to appeal pursuant to Rule 9 of the Tennessee Rules of Appellate Procedure. On November 27, 2000, the trial court granted the motion for permission to appeal. On December 8, 2000, Mr. Moore and ShoLodge filed an application for permission to appeal with this Court pursuant to Rule 9. On December 21, 2000, this Court granted the application for permission to appeal. On February 8, 2001, the trial court entered partial summary judgment against Ms. Green on the claims for loss of the ability to advance and the inability to work on twenty-six of the twenty-seven land purchase contracts. The only remaining claim is the inability to work on one land purchase contract with regard to a hotel located in Hendersonville, Tennessee.

## II. Standard of Review

This case is on appeal from the trial court's dismissal in part of the motion to dismiss for failure to state a claim upon which relief can be granted. See TENN. R. CIV. P. 12.02(6). A Rule 12.02(6) motion to dismiss for failure to state a claim upon which relief can be granted tests only the

sufficiency of the complaint, not the strength of the plaintiff's evidence.  See Doe v. Sundquist, 2 S.W.3d 919, 922 (Tenn. 1999).  The motion admits the truth of all relevant and material averments in the complaint but asserts that such facts are insufficient to state a claim as a matter of law.  See Winchester v. Little, 996 S.W.2d 818, 821 (Tenn. Ct. App. 1998).

In scrutinizing the complaint in the face of a Rule 12.02(6) motion to dismiss, courts should construe the complaint liberally in favor of the plaintiff, taking all the allegations of fact therein as true.  See Stein v. Davidson Hotel, 945 S.W.2d 714, 716 (Tenn. 1997); Riggs v. Burson, 941 S.W.2d 44, 47 (Tenn. 1997).  The motion should be denied "unless it appears that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief."  Stein, 945 S.W.2d at 716.  As the allegations of fact are taken as true, the issues raised on motion to dismiss are questions of law and the scope of relief is *de novo* with no presumption of correctness.  See TENN. R. APP. P. 13(d).

### III.  Law and Analysis

The sole issue presented for our review is whether the trial court erred by failing to dismiss Ms. Green's entire complaint as barred by the one year statute of limitations under section 28-3-104(a)(1) of the Tennessee Code.  Section 28-3-104(a)(1) states that actions for injuries to the person "shall be commenced within one (1) year after the cause of action accrued."  TENN. CODE ANN. § 28-3-104(a)(1) (2000).  Mr. Moore and ShoLodge argue that the action is one for personal injury and governed by a one year statute of limitations.  Ms. Green argues that the action is one for breach of contract which is governed by a six year statute of limitations under section 28-3-109(a)(1) of the Tennessee Code.  See TENN. CODE ANN. § 28-3-109(a)(1) (2000).

Under Tennessee law, "[i]t is well settled in this state that the gravamen of an action, rather than its designation as an action for tort or contract, determines the applicable statute of limitations."  Alexander v. Third Nat'l Bank, 915 S.W.2d 797, 798 (Tenn. 1996) (quoting Pera v Kroger Co., 674 S.W.2d 715, 719 (Tenn. 1984)).  The gravamen of an action, or the real purpose of an action, is determined by the basis for which damages are sought.  See Bland v. Smith, 277 S.W.2d 377, 379 (Tenn. 1955); see also Prescott v. Adams, 627 S.W.2d 134, 137 (Tenn. Ct. App. 1981).  The gravamen of an action is in contract and not in tort "[w]hen an act complained of is a breach of specific terms of the contract, without any reference to the legal duties imposed by law upon the relationship created thereby."  54 C.J.S. *Limitations of Actions* § 50 (1987).  The gravamen of an action is in tort and not in contract, however, when an act constituting a contractual breach also constitutes a breach of a common law duty independent of the contract.  See 86 C.J.S. *Torts* § 4 (1997).

> Where a contractual relationship exists between persons and at the
> same time a duty is imposed by or arises out of the circumstances
> surrounding or attending the transaction, the breach of the duty is
> a tort.  In such a case, the tortious act, and not a breach of the contract
> is the gravamen of the action; the contract is the mere inducement
> creating the state of things which furnishes the occasion for the tort.

Mullins v. Golden Circle Ford, Inc., 1986 WL 3937, at *7 (Tenn. Ct. App. Apr. 1, 1986) (quoting 74 AM. JUR. 2D *Torts* § 23); see also 54 C.J.S. *Limitations of Actions* § 68 (1987).

Mr. Moore and ShoLodge argue that the conduct constituted both a breach of contract and a breach of a common law duty independent of the contract such that the gravamen of the action is one for damages in tort. Specifically, Mr. Moore and ShoLodge argue that Ms. Green has stated a cause of action for intentional infliction of emotional distress.[1] In order to prove intentional infliction of emotional distress, the plaintiff must show (1) the conduct complained of was intentional or reckless; (2) the conduct was so outrageous that it is not tolerated by civilized society; and (3) the conduct resulted in serious medical injury. See Bain v. Wells, 936 S.W.2d 618, 622 (Tenn. 1997). Taking Ms. Green's allegations of fact as true, Mr. Moore's conduct was intentional or reckless. Mr. Moore's conduct, however, failed to constitute outrageous conduct. Outrageous conduct is conduct that is "so extreme in degree, as to go beyond all bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." Id. at 623 (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. d (1965)). Mr. Moore's conduct, though insulting to Ms. Green, simply does not rise to the level of "atrocious" or "utterly intolerable" conduct. Additionally, liability for intentional infliction of emotional distress does not extend to mere insults. See id. at 622 (citing Medlin v. Allied Inv. Co., 398 S.W.2d 270, 274 (Tenn. 1966)).

Mr. Moore's conduct also failed to result in serious medical injury to Ms. Green. Ms. Green asserted in her complaint that she suffered embarrassment and humiliation, but she failed to assert that she suffered serious medical injury. Serious medical injury constitutes distress "so severe that no reasonable person could be expected to endure it." Miller v. Willbanks, 8 S.W.3d 607, 615 n.4 (Tenn. 1999) (quoting RESTATEMENT (SECOND) OF TORTS § 46 cmt. j (1965)). There is no evidence that Ms. Green suffered serious medical injury as a result of Mr. Moore's conduct. Based on the foregoing, we find that the facts asserted in Ms. Green's complaint do not give rise to a claim for intentional infliction of emotional distress.

In the case at bar, the settlement agreement prevented either party from engaging in any conduct or making any statements, regardless of whether true, which would negatively impact the reputation or employment prospects of the other. The settlement agreement provided that either party who breached the agreement would be held liable for consequential and/or punitive damages. The settlement agreement created a separate and independent duty upon the parties beyond any duties imposed by the common law. Under the common law, Mr. Moore and ShoLodge would not be liable for the action that took place. Mr. Moore's conduct does not fall within the elements of intentional infliction of emotional distress or other common law duties independent of the contract. Thus, Mr. Moore's conduct would not be actionable in the absence of a contract creating a duty between the parties, and the contract is the only basis upon which this claim could be brought. Accordingly, we

---

[1]Mr. Moore and ShoLodge also argue that Ms. Green has stated a cause of action for outrageous conduct. Outrageous conduct and intentional infliction of emotional distress are merely different names for the same action. See Bain v. Wells, 936 S.W.2d 618, 622 n.3 (Tenn. 1997) (citing Moorhead v. J.C. Penney Co., Inc., 555 S.W.2d 713, 717 (Tenn. 1977)).

find that the gravamen of Ms. Green's complaint is in contract and a six year statute of limitations applies to the action. We affirm the decision of the trial court refusing to dismiss the remaining claims as barred by the one year statute of limitations.

## IV. Conclusion

For the foregoing reasons, the decision of the trial court is affirme. We remand this case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed against the Appellants, Leon Moore and ShoLodge, Inc. and ShoLodge Franchise Systems, Inc., and their surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE