IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
January 13, 2015 Session

**BASHAR F. KADDOURA**

v.

**CHATTANOOGA-HAMILTON COUNTY HOSPITAL AUTHORITY**
D/B/A **ERLANGER MEDICAL CENTER**

**Appeal from the Circuit Court for Hamilton County**
**No. 13C808     Jacqueline Schulten Bolton, Judge**

**No. E2013-02573-COA-R3-CV-FILED-APRIL 27, 2015**

The plaintiff appeals the trial court's dismissal of his action against the defendant hospital. The plaintiff averred that he had entered into a contract with the hospital to pay $6,720.00 for a bariatric surgical procedure. Due to complications following surgery, the plaintiff required a second surgery, incurring additional charges. The plaintiff brought this action, alleging negligence, breach of contract, money had and received, and unjust enrichment. The hospital moved to dismiss the action pursuant to Tennessee Rule of Civil Procedure 12.02(6). Following consideration of the pleadings and argument of counsel, the trial court dismissed the action with prejudice, finding that the complaint sounded in medical malpractice and that the plaintiff had failed to comply with the requirements of Tennessee Code Annotated §§ 29-26-121 and -122, as well as the statute of limitations provided by the Governmental Tort Liability Act. *See* Tenn. Code Ann. 29-20-305(b). The plaintiff concomitantly filed a motion to alter or amend the judgment and a motion seeking permission to amend the complaint. Following a hearing, the trial court denied the plaintiff's motion to alter or amend the judgment but granted the plaintiff's motion to amend the complaint. The plaintiff appeals the trial court's denial of his motion to alter or amend the judgment and the court's dismissal of his action. On appeal, the hospital raises the issue of whether the trial court erred by simultaneously upholding its dismissal of the action while granting the plaintiff's motion to amend the complaint. We determine that although the plaintiff's complaint averred a separate claim for breach of contract not addressed by the trial court, the complaint failed to state the contract claim such that relief could be granted. We therefore affirm the trial court's dismissal of the complaint with the modification that the breach of contract claim is dismissed without prejudice. In addition, we vacate the trial court's grant of the motion to amend the complaint because it should not have been granted concomitantly with the dismissal of the complaint.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed in Part as Modified, Vacated in Part; Case Remanded**

THOMAS R. FRIERSON, II, delivered the opinion of the court, in which CHARLES D. SUSANO, JR., C.J., and JOHN W. MCCLARTY, J., joined.

Richard Korsakov, Chattanooga, Tennessee, for the appellant, Bashar F. Kaddoura.

Arthur P. Brock and Drew H. Reynolds, Chattanooga, Tennessee, for the appellee, Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Medical Center.

**OPINION**

I.  Factual and Procedural Background

The facts underlying this action are essentially undisputed.  The plaintiff, Bashar F. Kaddoura, underwent bariatric surgery at the defendant facility, Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Medical Center ("Erlanger"), on April 27, 2010.  Believing that the procedure would not be covered by his health care insurance, Golden Rule Insurance Company ("Golden Rule"), Mr. Kaddoura had paid Erlanger $6,720.00 in advance.  Mr. Kaddoura experienced complications following the surgery and required a second procedure to repair two broken abdominal wall hernia sutures on April 30, 2010.  Thereafter, Mr. Kaddoura recovered without further complications and was discharged from Erlanger on May 2, 2010.

Erlanger submitted total charges in the amount of $32,364.00 to Golden Rule for procedures and related hospital care.  After disallowing one charge of $27.00, Golden Rule paid $22,187.34 to Erlanger on or about March 4, 2011.  It is undisputed that Erlanger subsequently "sued" Mr. Kaddoura on August 22, 2012, alleging that he owed Erlanger $2,549.31 plus attorney's fees and court costs.[1]

On June 17, 2013, Mr. Kaddoura filed a complaint against Erlanger, alleging breach of contract, negligence, money had and received, and unjust enrichment.  He requested damages in the amount of $22,187.34, the amount previously paid to Erlanger by Golden Rule.  On July 19, 2013, Erlanger filed a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, to which Mr. Kaddoura subsequently filed a response.

Following a hearing conducted on August 5, 2013, the trial court dismissed Mr. Kaddoura's action, finding that it was a "health care liability action" and that Mr.

---

[1]Although both parties note this previous action in their respective briefs on appeal, the record contains no documentation of Erlanger's lawsuit against Mr. Kaddoura.

Kaddoura had failed to comply with Tennessee Code Annotated § 29-26-121 (Supp. 2010) (requiring sixty days' notice to defendants prior to filing the complaint) and -122 (requiring the filing of a certificate of good faith with the complaint).[2] The court further found that Mr. Kaddoura's action was time-barred pursuant to the one-year statute of limitations applicable to tort actions against governmental entities pursuant to the Governmental Tort Liability Act ("GTLA"). *See* Tenn. Code Ann. § 29-20-305(b) (2012). The trial court entered an order to this effect on August 28, 2013.

Four weeks later on September 26, 2013, Mr. Kaddoura concomitantly filed a Tennessee Rule of Civil Procedure 59.04 motion to alter or amend the judgment and a Tennessee Rule of Civil Procedure 15.01 motion requesting leave to amend the original complaint. Erlanger subsequently filed a response to these motions. On October 17, 2013, the trial court entered an order denying Mr. Kaddoura's motion to alter or amend the previous order but granting his motion to amend the complaint. Mr. Kaddoura timely appealed the trial court's denial of his motion to alter or amend the order dismissing his complaint. On appeal, Erlanger raises the issue of whether the trial court erred by simultaneously upholding its dismissal of the original complaint while granting Mr. Kaddoura leave to amend the complaint.

## II. Issues Presented

Other than stated "issues" related to the applicable standard of review, which is not in question, Mr. Kaddoura presents one issue on appeal, which we restate as follows:

1. Whether Mr. Kaddoura's complaint stated facts that, taken as true, alleged one or more claims for relief other than those sounding in medical malpractice or health care liability, and if so, whether the trial court erred by granting Erlanger's Rule 12.02(6) motion to dismiss.

Erlanger presents an additional issue on appeal, which we restate slightly:

2. Whether the trial court erred by granting Mr. Kaddoura's motion for leave to amend the complaint.

---

[2] We note that insofar as Mr. Kaddoura's action alleges medical malpractice, it is controlled by the Tennessee Medical Malpractice Act ("TMMA"), rather than the amended version of the Act, entitled the Tennessee Health Care Liability Act. *See* Tenn. Code Ann. §§ 29-26-101, *et seq.* (2012); *Dunlap v. Laurel Manor Health Care, Inc.*, 422 S.W.3d 577, 578 n.1 (Tenn. Ct. App. 2013) (explaining that the amended definition of a health care liability action applies only to actions accruing on or after October 11, 2011). It is undisputed that Mr. Kaddoura's action accrued prior to October 11, 2011.

## III. Standard of Review

We review a non-jury case *de novo* upon the record, with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)).

In reviewing the trial court's dismissal of a complaint pursuant to Rule 12.02(6) of the Tennessee Rules of Civil Procedure, we must only consider the legal sufficiency of the complaint dismissed. *See Trau-Med of Am., Inc. v. Allstate Ins. Co.*, 71 S.W.3d 691, 696 (Tenn. 2002). As our Supreme Court has explained:

> A Rule 12.02(6) motion to dismiss only seeks to determine whether the pleadings state a claim upon which relief can be granted. Such a motion challenges the legal sufficiency of the complaint, not the strength of the plaintiff's proof, and, therefore, matters outside the pleadings should not be considered in deciding whether to grant the motion. In reviewing a motion to dismiss, the appellate court must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. It is well-settled that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his or her claim that would warrant relief. Great specificity in the pleadings is ordinarily not required to survive a motion to dismiss; it is enough that the complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *White v. Revco Disc. Drug Ctrs., Inc.*, 33 S.W.3d 713, 718 (Tenn. 2000) (citing Tenn. R. Civ. P. 8.01).

*Id.* (additional internal citations omitted). The complaint must, however, "'do more than simply parrot the legal elements of the cause[s] of action,' but must plead *facts* that, if true, would support each required element." *Morris Props., Inc. v. Johnson*, No. M2007-00797-COA-R3-CV, 2008 WL 1891434 at *1 (Tenn. Ct. App. Apr. 29, 2008) (emphasis in original). The consideration of the gravamen of a complaint in determining the applicable statute of limitations is a question of law, "which may be appropriately addressed in a motion to dismiss under Rule 12.02(6) of the Tennessee Rules of Civil Procedure." *Gunter v. Lab. Corp. of Am.*, 121 S.W.3d 636, 638 (Tenn. 2003).

## IV. Grant of Motion for Rule 12.02(6) Dismissal

Mr. Kaddoura contends that the trial court erred by finding that his action was governed by the Tennessee Medical Malpractice Act ("TMMA"). *See* Tenn. Code Ann. §§ 29-26-115, *et seq.* (Supp. 2010). He does not dispute the trial court's finding that he failed to comply with the TMMA requirements of (1) providing written notice to the defendant at least sixty days prior to filing a medical malpractice complaint and (2) filing a certificate of good faith with the complaint. *See* Tenn. Code Ann. §§ 29-26-121, -122. Mr. Kaddoura also does not dispute that because Erlanger is a governmental entity, *see* Tenn. Code Ann. § 29-20-102(3) (2012), any action predicated on a medical malpractice or negligence theory would have been subject to the one-year statute of limitations provided in the GTLA, *see* Tenn. Code Ann. § 29-20-305(b).[3] Mr. Kaddoura concedes that his commencement of the instant action was outside the GTLA's one-year statute of limitations.

Mr. Kaddoura's contention is based on his argument that the six-year statute of limitations governing "[a]ctions on contracts not otherwise expressly provided for" governs this action. *See* Tenn. Code Ann. § 28-3-109(a)(3) (2000). Erlanger contends that the trial court properly found that the controlling statute of limitations for this action was that provided by the TMMA because the gravamen of Mr. Kaddoura's complaint sounded in medical malpractice rather than contract law. Upon our thorough review of the pleadings, we conclude that Mr. Kaddoura did present a separate claim for breach of contract. We further conclude, however, that Mr. Kaddoura failed to allege facts sufficient to state a contract claim upon which relief could be granted.

### A. Applicable Statute of Limitations

Having conceded that he is precluded from bringing a claim under the TMMA or GTLA, Mr. Kaddoura now asserts that he "does not seek relief for the medical care he received, but damages of a purely financial nature: breach of contract, money had and received and unjust enrichment." In support of his argument, Mr. Kaddoura cites our

---

[3] We note that under the statutory scheme applicable to the instant action, our Supreme Court has held that the 120-day extension to the TMMA statute of limitations provided by Tenn. Code Ann. § 29-26-121(c), allowing for pre-suit notification, does not apply to medical malpractice actions brought under the GTLA. *See Cunningham v. Williamson Cnty. Hosp. Dist.*, 405 S.W.3d 41, 46 (Tenn. 2013). However, under the amended Tennessee Health Care Liability Act, this Court has held that the newly enacted Tennessee Code Annotated § 29-26-101(a)(1) (2012) does apply to extend the one-year GTLA statute of limitations by 120 days for plaintiffs who have complied with the pre-suit notification requirements of Tennessee Code Annotated § 29-26-121. *See Wade v. Jackson-Madison Cnty. Gen. Hosp. Dist.*, No. W2014-01103-COA-R3-CV, 2015 WL 340265 at *12 (Tenn. Ct. App. Jan. 27, 2015). Inasmuch as Mr. Kaddoura failed to comply with the pre-suit notice requirement and was, in any case, subject to the TMMA as analyzed in *Cunningham*, our analysis is not affected by the enactment of Tennessee Code Annotated § 29-26-101(a).

Supreme Court's decision in *Estate of French v. Stratford House* for the proposition that "when the conduct alleged is not substantially related to the rendition of medical treatment by a medical professional, the medical malpractice statute does not apply." *See* 333 S.W.3d 546, 555 (Tenn. 2011) (quoting *Gunter*, 121 S.W.3d at 641). In contrast, Erlanger urges this Court to consider Mr. Kaddoura's complaint as sounding only in medical malpractice. However, "in choosing the applicable statute of limitations, courts must ascertain the gravamen of <u>each claim</u>, not the gravamen of the complaint in its entirety." *Benz-Elliott v. Barrett Enters., LP*, ___ S.W.3d ___, ___, 2015 WL 294635 at *8 (Tenn. Jan. 23, 2015) (emphasis added).

As explained above, any claim that Mr. Kaddoura originally brought under medical malpractice is pretermitted as moot due to his failure to comply with the statutory requirements of Tennessee Code Annotated §§ 29-26-121 and -122 and the statute of limitations provided by the GTLA. *See* Tenn. Code Ann. § 29-20-305(b). Similarly, any other claim of "negligence" brought by Mr. Kaddoura is pretermitted as moot due to his failure to comply with the statute of limitations provided by the GTLA. *See id.* We therefore discern no error in the trial court's dismissal of any medical malpractice or other tort claim within Mr. Kaddoura's complaint.

We now analyze solely the gravamen of Mr. Kaddoura's contract claims to ascertain whether the corresponding six-year statute of limitations applies. *See Pera v. The Kroger Co.*, 674 S.W.2d 715, 719 (Tenn. 1984). ("It is well settled in this state that the gravamen of an action, rather than its designation as an action for tort or contract, determines the applicable statute of limitations."). Our Supreme Court has recently clarified that a two-step approach of (1) "consider[ing] the legal basis of the claim" and (2) "then consider[ing] the type of injuries for which damages are sought" "is the correct framework for courts to employ when ascertaining the gravamen of a claim for the purpose of choosing the applicable statute of limitations." *Benz-Elliott v. Barrett Enters., LP*, ___ S.W.3d at ___, 2015 WL 294635 at *10.

In his original complaint, Mr. Kaddoura averred in pertinent part:

> On or about April 22, 2010, Plaintiff and Defendant entered into a contract pursuant to which Defendant agreed to accept the sum of $6,720.00 for Defendant's services arising out of and in connection with Plaintiff's upcoming bariatric surgery. The Parties entered into this contract because bariatric surgery was not covered by Plaintiff's insurance policy. Said amount was paid in full by Plaintiff to Defendant prior to his admission as a patient.

6

Bariatric surgery was performed the morning of April 27, 2010. Early in the procedure the surgeon found an incarcerated periumbilical hernia in the abdominal wall close to the location needed for the surgery port, and surgically reduced the hernia to achieve access for the bariatric vertical sleeve mastectomy. The surgeon also repaired the hernia with sutures to avoid the danger of post-operative bowel obstruction.

Plaintiff was returned to his room about noon following the April 27 surgery. Throughout that day and the next two days, Plaintiff reported increasing pain, spasms, nausea, bloating, gas pain, non-productive coughing and retching and later vomiting, including blood. His abdomen became distended and reddened. Both heartbeat and blood pressure became markedly elevated. Nevertheless, the surgeon was not called in until just after midnight the morning of April 30.

The surgeon ordered an immediate CT scan and as soon as the scan was completed performed a second surgery because two of the abdominal wall hernia sutures had been broken and the small intestine had been obstructed. Plaintiff was not discharged until the morning of May 2, 2010.

Thereafter, Defendant submitted to Plaintiff's health insurer, Golden Rule Insurance Company, charges of $32,364.00. The insurer disallowed one $27.00 charge and after applying the usual insurance discount, issued its payment to Defendant in the amount of $22,187.34 on or about March 4, 2011.

On August 22, 2012, Defendant sued Plaintiff alleging Defendant owed $2,549.31, plus attorney fees and Court costs, for Defendant's services April 27 to May 2, 2010.

Defendant's actions and omissions stated above constitute one or more of the following:
breach of contract.
negligence.
money had and received.
unjust enrichment.

(Paragraph numbering omitted.)

Regarding the first step of the analysis, or the legal basis of the claim, Mr. Kaddoura alleged in the complaint that Erlanger entered into a contract with him in which

Erlanger agreed to provide "services arising out of and in connection with" Mr. Kaddoura's bariatric surgery in return for the sum of $6,720.00 to be paid in advance. By alleging that Erlanger charged additional fees beyond this agreed advance payment, Mr. Kaddoura presented a claim with a legal basis of breach of contract.

As step two of our analysis of the breach of contract claim, we then consider the type of damages Mr. Kaddoura sought. Mr. Kaddoura requested "monetary damages in the amount of $22,187.34," the amount paid to Erlanger by Golden Rule in response to the charges Erlanger submitted following the second procedure. Golden Rule is not a party to this action, and it is unclear from the record whether Mr. Kaddoura was affected financially by Golden Rule's payment of $22,187.34. It is apparent, however, that these alleged damages were economic only and "flowed from the [alleged] breach of contract," rather than any injury to property. *See Benz-Elliott*, ___ S.W.3d at ___, 2015 WL 294635 at *10 (citing with approval *Alexander v. Third Nat'l Bank*, 915 S.W.2d 797, 799-800 (Tenn. 1996), for the proposition that the six-year statute of limitations was applicable to a claim with a legal basis in breach of contract in which the plaintiff sought damages of solely an economic nature).

### B.  Insufficiency of Breach of Contract Claim

Although the trial court did not address Mr. Kaddoura's breach of contract claim in its final judgment, our review of the trial court's dismissal with prejudice of Mr. Kaddoura's entire action encompasses the dismissal of every claim brought within that action, including the breach of contract claim. *See Bowden*, 27 S.W.3d at 916 (explaining that this Court reviews questions of law *de novo* with no presumption of correctness); *see also Cont'l Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986) (holding that an appellate court "will affirm a decree correct in result, but rendered upon different, incomplete, or erroneous grounds."). We stress again that in reviewing the grant of a Tennessee Rule of Civil Procedure 12.02(6) motion to dismiss, we must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences. *See Trau-Med*, 71 S.W.3d at 696 (explaining also that a complaint should not be dismissed for failure to state a claim unless it appears that the plaintiff can prove no set of facts in support of his claim that would warrant relief).

In order to prove a breach of contract, Mr. Kaddoura must be able to present an enforceable contract. *See Staubach Retail Servs.-Se., LLC*, 160 S.W.3d 521, 524 (Tenn. 2005). As our Supreme Court explained in *Staubach*:

> A contract "must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration,

8

free from fraud or undue influence, not against public policy and sufficiently definite to be enforced." *Doe v. HCA Health Servs. of Tenn., Inc.*, 46 S.W.3d 191, 196 (Tenn. 2001) (citations omitted). In determining mutuality of assent, courts must apply an objective standard based upon the parties' manifestations. *T.R. Mills Contractors, Inc. v. WRH Enters., LLC*, 93 S.W.3d 861, 866 (Tenn. Ct. App. 2002).

*Id.*

In his complaint, Mr. Kaddoura averred that the parties "entered into a contract" in which he paid the consideration of $6,720.00 in return for Erlanger's "services arising out of and in connection with [Mr. Kaddoura's] upcoming bariatric surgery." He stated that bariatric surgery "was performed the morning of April 27, 2010." He then described, over the course of three paragraphs, the physical complications he experienced following the initial surgery and the additional treatment, including a second surgical procedure, required to resolve the complications. Presuming all factual allegations to be true, as we must, we find no allegation in Mr. Kaddoura's complaint that Erlanger had entered into a contract in which it agreed that all possible complications and resultant treatment Mr. Kaddoura might need subsequent to bariatric surgery would be covered by his advance payment. In addition, the complaint stated that the parties "entered into this contract because bariatric surgery was not covered by [Mr. Kaddoura's] insurance policy." As the complaint itself avers, Golden Rule paid a substantial percentage of the additional charges incurred by the need for a second surgery and additional treatment, indicating by reason of the facts presented in the complaint that Golden Rule regarded Mr. Kaddoura's subsequent procedure and treatment as outside the original "uncovered" parameters of the bariatric surgery. Moreover, Mr. Kaddoura presented no written contract or alleged contractual provision in support of his allegation that Erlanger had agreed that all subsequent treatment would be covered by the advance payment. We therefore conclude that Mr. Kaddoura failed to allege facts sufficient to state a breach of an enforceable contract claim upon which relief could be granted.

## C. Insufficiency of Quasi-Contract Claim

Mr. Kaddoura also asserts that the facts averred in his complaint constitute claims for relief based upon quasi-contractual theories of unjust enrichment and money had and received. We disagree.

"Both unjust enrichment and money had and received are essentially the same cause of action, being both quasi-contractual actions." *Bennett v. VISA U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006). Under the theory of unjust enrichment, "courts may impose a contractual relationship between the parties, regardless of their assent."

*Markow v. Pollock*, No. M2008-01720-COA-R3-CV, 2009 WL 4980264 at *4 (Tenn. Ct. App. Dec. 22, 2009) (citing *Bennett*, 198 S.W.3d at 755). As our Supreme Court has explained:

> The elements of an unjust enrichment claim are: 1) "[a] benefit conferred upon the defendant by the plaintiff"; 2) "appreciation by the defendant of such benefit"; and 3) "acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof." The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust. The plaintiff must further demonstrate that he or she has exhausted all remedies against the person with whom the plaintiff enjoyed privity of contract.

*Freeman Indus. v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (1966)) (other internal citations omitted).

In the instant action, Erlanger received payment from Mr. Kaddoura's insurance company in return for services rendered, including a second surgical procedure and additional treatment provided to Mr. Kaddoura. We determine that Mr. Kaddoura's complaint fails to allege an unjust benefit to Erlanger and thus fails to allege a viable claim for unjust enrichment or money had and received. *See, e.g., Song & Song Corp. v. Fine Art Constr. Co., LLC*, No. W2011-01708-COA-R3-CV, 2012 WL 2146313 at *10 (Tenn. Ct. App. June 14, 2012) (affirming the trial court's denial of the plaintiff's unjust enrichment claim for "overpayment" on a construction contract because the additional payment was made in return for additional work performed); *cf. Markow v. Pollock*, No. M2008-01720-COA-R3-CV, 2009 WL 4980264 at *11 (Tenn. Ct. App. Dec. 22, 2009) (affirming the trial court's award of the value of upgraded printer equipment because "[u]nder the principles of unjust enrichment, it would be inequitable for [the defendant] to reap the benefit of the upgraded sheeter without paying for it.").

In summary, although we conclude that the trial court erred by failing to analyze a separate claim for breach of contract averred by Mr. Kaddoura's complaint, we further conclude that the trial court did not err by granting Erlanger's Rule 12.02(6) motion to dismiss the complaint, albeit on an additional ground of failure to state a breach of contract claim upon which relief could be granted. *See Cont'l Cas. Co.*, 720 S.W.2d at 50 ("Suffice it to say that this Court will affirm a decree correct in result, but rendered upon different, incomplete, or erroneous grounds."). We further conclude, however, that although the trial court entered the dismissal order with prejudice, the finding of prejudice does not apply to the breach of contract claim.

## V. Grant of Motion to Amend Complaint

On appeal, Erlanger raises the issue of whether the trial court erred by simultaneously denying Mr. Kaddoura's motion to alter or amend the dismissal order and granting Mr. Kaddoura's motion to amend the complaint. Mr. Kaddoura filed no reply brief and therefore did not respond to Erlanger's argument regarding this issue. We determine that the dismissal of the complaint and leave to amend the complaint procedurally cannot stand together. *See Lee v. State Volunteer Mut. Ins. Co., Inc.*, No. E2002-03127-COA-R3-CV, 2005 WL 123492 at *11-12 (Tenn. Ct. App. Jan. 21, 2005) ("[O]nce a judgment dismissing a case has been entered, the plaintiff cannot seek to amend its complaint without first convincing the trial court to set aside its dismissal pursuant to Tenn. R. Civ. P. 59 or 60."). Having affirmed the trial court's dismissal of Mr. Kaddoura's complaint, we conclude that the court's grant of the motion to amend the complaint cannot stand. We therefore vacate the portion of the trial court's order granting Mr. Kaddoura leave to amend the complaint.

We recognize that because we have dismissed the breach of contract claim without prejudice, Mr. Kaddoura could file a new action alleging breach of contract, provided that he did so within the six-year statute of limitations. *See* Tenn. R. Civ. P. 3 (Commencement of Action). This result is in keeping with the trial court's intent in granting Mr. Kaddoura's motion to amend his complaint. *See Boyd v. Prime Focus, Inc.*, 83 S.W.3d 761, 766 (Tenn. Ct. App. 2001) ("It is within the discretion of the trial court to specify that a claim has been dismissed without prejudice . . . ."). However, we emphasize our previous determination that as Mr. Kaddoura has presented the breach of contract claim in the instant complaint, he has failed to state a claim upon which relief can be granted. *See, e.g., Cochran v. City of Memphis*, No. W2012-01346-COA-R3-CV, 2013 WL 1122803 at *3-4 (Tenn. Ct. App. Mar. 19, 2013) (rejecting the appellants' contention that a dismissal without prejudice "conveyed an automatic right to 'reinstate the pending litigation[,]' notwithstanding any issues related to the Second Complaint's sufficiency or timeliness.").

## VI. Conclusion

The decision of the trial court is vacated in part and affirmed in part as modified. We vacate the trial court's grant of Mr. Kaddoura's motion to amend the complaint. We modify the trial court's dismissal of Mr. Kaddoura's complaint to state that the dismissal of his breach of contract claim is without prejudice. We affirm the trial court's judgment in all other respects. Costs on appeal are assessed equally to the appellant, Bashar F. Kaddoura, and the appellee, Chattanooga-Hamilton County Hospital Authority d/b/a Erlanger Medical Center. This case is remanded to the trial court, pursuant to applicable law, for modification of the trial court's judgment as described herein, enforcement of the

trial court's judgment dismissing Mr. Kaddoura's complaint, and collection of costs assessed below.

_____
THOMAS R. FRIERSON, II, JUDGE